JOHN CRAIG, Respondent, *v.* WILLIAM H. WARD and CHARLES L. CLARKE, Appellants.

*Practice—Foreclosure Suit—Assignee of Mortgage entitled to be party when.*

The assignee of a mortgage is entitled to make himself a formal party to a foreclosure suit, under a lis pendens, if his legal or equitable rights require that he should be permitted to vindicate them in such suit; and in such sense he may be considered a party to such suit, because his rights may be concluded by such adjudication.

The Plaintiff brought this action against the Defendants to recover damages for alleged false and fraudulent representation by the Defendants as to a certain mortgage made to the Defendant Ward by one Elisha P. Davis. The representation, as alleged in the complaint, is as follows: "The Defendants stated, represented, and agreed to and with the Plaintiff, that the said mortgage was a good and valid security in the hands of said Defendant William H. Ward, for the said sum of two thousand dollars, and that there was no usury therein or other defence thereto; and that said Defendant Ward paid to said Davis the full sum of two thousand dollars, the consideration money mentioned in the said bond and mortgage." This allegation was denied by the answer. Under these allegations the Plaintiff gave evidence, against the Defendants' objection, that the Defendant Clarke represented "that the mortgage was bonâ fide, and was well secured, and straight as a string;" that Davis (the mortgagor) had a clear title to the land, and this (mortgage) was the first incumbrance. To the admission of this evidence the Defendants excepted. The Plaintiff, to show that the mortgagor had not a good title, and that the mortgage was not a lien, gave in evidence the report of a referee, and a judgment founded thereon, in an action brought by Elizabeth M. Rathbone against William Stebbins and the Defendants in this action, and others. The object of that action was to foreclose a mortgage given by Stebbins to one Hodges, and by him transferred

to Mrs. Rathbone, and to have certain proceedings to foreclose a mortgage older than hers declared void. Elisha P. Davis, the person who executed the mortgage to Ward, became the purchaser at the sale under these proceedings, and, after he had acquired his title, executed the mortgage in question. The complaint in Rathbone against Stebbins and others alleges that the mortgage in question was given to defraud Mrs. Rathbone out of her security, and was without consideration; that the mortgagor and others were not made parties to such foreclosure, and the prayer is, among other things, that the same may be declared void. The referee found that the mortgage was without consideration in the hands of the Defendant Ward, and was executed by Davis for the fraudulent purpose above stated; that the maker of the mortgage was not made a party to the foreclosure, and as matter of law that the same was void. The judgment was in accordance with this report, and adjudged that the sale under which Davis obtained his title was void. The Defendant objected to the introduction of this report and judgment roll, which objection was overruled by the Court; and the Court held that the record was conclusive evidence of the facts directly adjudicated thereby or necessarily involved in the determination thereof. The Defendants excepted to this decision. The Plaintiff Craig purchased of Ward and Clarke the mortgage now in suit, on the 24th day of September, 1855, which was pending the action brought by Elizabeth Rathbone against the Defendants Stebbins and others. That suit was commenced prior to September 10th, 1855, on which day an amended notice of pendency of suit was filed in Monroe County Clerk's Office, and the judgment was rendered therein on the fourth Monday of January, 1859.

The jury under the charge of the judge found in favor of the Plaintiff, and the judgment upon the verdict was affirmed by the General Term of the Seventh District. The Defendants appeal to this Court.

*W. F. Coggswell* for Appellants.

*T. R. Strong* for Respondent.

HUNT, J.—The first class of exceptions which embrace the alleged variance between the representations as pleaded, and as offered in evidence, I do not consider important. The complaint alleged that the Defendants represented the mortgage to be a good and valid security " in the hands of Ward, and that he had paid Davis two thousand dollars for the same." The proof offered and received was to the effect " that the mortgage was bonâ fide, was well secured, and straight as a string," and that Davis had a clear title to the land. The representation that the mortgage was a " good and valid security " was twofold in its character. It embraced a statement that the mortgage was not only valid, which may be taken as synonymous here with legal, but that it was also good— that is, good or available as a security, upon which the amount could be realized. The latter branch was fairly met by the statement that the " mortgage was well secured," as was the former by the statement that it was bonâ fide and as " straight as a string." It was certainly competent evidence under the allegation, and upon which the jury would have been justified in finding both branches of the allegation to have been proven. Considering it as a variance, the Defendants failed in placing themselves in the position prescribed by the statute to enable them to object to the same. No error can be based upon this exception.

The admission of the record in Rathbone against these Defendants and others, as evidence in the present suit, is made the most serious cause of objection by the Defendants. Mrs. Rathbone brought her action against the Defendants and one Davis, alleging that the title which Davis obtained under a certain foreclosure, and which title was the foundation of the mortgage in the present suit alleged to be fraudulent and worthless, was void, on account of various frauds and defects therein alleged. She obtained judgment according to her prayer, and among other things it was adjudged that the " said foreclosure sale is utterly void." While that suit was pending, the Plaintiff purchased of the Defendants in this suit, and who were also Defendants in that suit, the mortgage upon which the present questions arise. It is not denied that the judgment was conclusive as between Mrs. Rathbone and the

Defendants, not only in that suit, but wherever the question might fairly arise between them. The objection is that that judgment did not assume, and did not, in fact, make any adjudication as between the Defendants themselves, but only as between them and the Plaintiff therein; and further, that the present Plaintiff was not a party and is not a party to that suit, and it is not competent for him to have the benefit of that adjudication. The general rule is, that all are bound by a judgment who had a right to be heard therein and all who are in privity with them, and that all who are bound by a judgment are entitled to the benefit of it against parties to it or their privies (1 Green. Ev. §§ 522, 523. Castle *v.* Noyes (4 Kernan, 329) involved the same general principles as the present case. Castle claimed the property in suit under a mortgage from the former owner, and the Defendant claimed under an execution against the same owner. A suit had before been brought by the Defendant against one Ronk, a servant of the Plaintiff's testator, for taking away a portion of the same property, alleging fraud in the mortgage. That action was, in fact, defended by Castle's testator, who assumed the defence of his servant. It was held that the judgment in favor of the servant in the former suit was conclusive in the present suit, in favor of Castle. The Court say: "It is by no means true that, in order to constitute an estoppel by judgment, the parties on the record must be the same. The term has a broader meaning. It includes the real and substantial parties who, although not upon the record, had a right to control the proceedings and appeal from the judgment. In this sense the Plaintiff's testator was clearly a party to the former suit, and as he would be bound by the result, so he or his representatives may insist that the determination is conclusive upon his adversary." And if one covenants for the result or consequences of a suit beween others, as that a certain mortgage assigned by him shall produce a specific sum, he thereby connects himself in privity with the proceedings, and the record of the judgment in that suit will be conclusive against him (Rappelye *v.* Prince, 4 Hill, 119). Greenleaf thus explains it: "Under the term *parties,* in this connection, the law

includes all who are directly interested in the subject-matter, and had a right to make defence or to control the proceedings, and to appeal from the judgment" (1 Green. Ev. § 523). The general doctrine is, that the person who represents another, and the person who is represented, have a legal identity ; so that whatever binds one in relation to the subject of their common interest, binds the other also (ib. § 536). A record is also evidence against one who might have been a party to it, for he cannot complain of the want of those advantages which he has voluntarily renounced (2 Stark Ev. 195, Cow. and H. Notes, page 569). It is provided by statute that, in an action affecting the title to real property, the Plaintiff may file with the County Clerk a notice such as was filed in the present case, and that every person whose conveyance or incumbrance is subsequently executed or subsequently recorded shall be deemed a subsequent purchaser or incumbrancer, and shall be bound by all proceedings taken after the filing of such notice, to the same extent as if he was made a party to the action (Code § 132 ; 4 Cow. 667 ; 11 Wend. 442). I doubt not that such subsequent purchaser would be entitled to make himself a formal party Defendant, if his interests required it, and to conduct a defence in his own name, although a purchaser of a mortgage interest only. The Plaintiff was thus a party in interest in that suit—a substantial privy of this vendor, and his rights as assignee of the mortgage are as effectually cut off by Mrs. Rathbone's judgment and decree as if he had been named as party Defendant in her suit (auth. sup.). I do not find in the cases any such qualification of the rule that Defendants are bound by a judgment to which they are parties, as that this effect is not produced as between themselves. The rule is general and reciprocal. Its object is to produce that "finis litium" which the law so greatly desires, and with so much difficulty finds. The Plaintiffs and the Defendants, and each Plaintiff and each Defendant, and as between each Plaintiff and each Defendant, find here an estoppel upon every question involved in the judgment. There is no such limitation as the Defendants contend for, and a Defendant can claim the advantage of the termination of the controversy

against his co-Defendants, in the same manner as against a Plaintiff.

There is another objection arising upon the charge of the judge, which it is necessary to consider. The judge charged the jury that if the representations made to the Plaintiff were untrue, although the Defendant Ward did not know that they were so, yet if he was informed and knew of facts which in the exercise of common sense and ordinary prudence were sufficient to put him on inquiry, and would have led him to a knowledge of the condition of the title, he would be liable the same as if he had actual knowledge. The representation which gives the cause of action was, "that the mortgage was bonâ fide, was all secured, and as straight as a string; that Davis had a clear title to the land, and this was the first incumbrance;" while it was proved that the mortgage was worthless and that Davis had no title. This representation was made by the Defendant Clarke, not by Ward in person. The proof was clear that Clarke was informed of everything respecting the condition of the mortgage, and understood all the facts in regard to it. The negotiation for the sale of the mortgage by Ward to the Plaintiff was made by Clarke, as the agent of Ward, and the knowledge of the agent was the knowledge of the principal. Upon the case as it was presented by the proof the charge was right, and I am inclined to the opinion that it is right in the abstract. Bennet *v.* Judson (21 N. Y. R. 238) is cited to sustain the charge, but goes much farther. In that case the proposition is laid down broadly that "one who, without knowledge of its truth or falsity, makes a material misrepresentation, is guilty of fraud as much as if he knew it to be untrue." This destroys the distinction between fraud and negligence, which I suppose to be well established, and I am not prepared to reiterate it in a case which does not require it.

I concur fully in the proposition laid down at the trial of that case, that having *received the fruits of the bargain,* the Defendant was liable for the fraud of his agent, although he did not authorize the statement, or know that it was made, or whether it was true

or false.   That rule was all that the facts required, and.all, there-
fore, that was really decided

Judgment should be affirmed.

All concur.

Affirmed.