CATHARINE S. FULLER et al., Respondents, *v.* E. HILTON SCRIBNER et al., GEORGE H. PURSER, Appellant.

Where, after the filing of a notice of *lis pendens* in accordance with section 132 of the Code of Procedure, and service of summons upon one or more of the defendants in an action for the foreclosure of a mortgage, a judgment is perfected and docketed against the owner of the equity of redemption, the judgment creditor is bound by the judgment in the foreclosure suit, the same as if he were a party thereto; and this, although, at the time of the entry of his judgment, said owner had not been served with summons in the foreclosure suit. The judgment creditor is a subsequent incumbrancer within the meaning of said section.

*Rogers* v. *Bonner* (45 N. Y., 379), distinguished.

(Argued January 28, 1879; decided February 11, 1879.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, reversing an order of Special Term, which denied a motion on the part of plaintiffs to compel the appellant, George H. Purser, a purchaser at a foreclosure sale herein, to take title and complete his purchase. The order appealed from also required said purchaser to complete his purchase, and in case of his default, that the premises be re-sold, and said purchaser pay any deficiency. (Reported below, 16 Hun, 130.)

A *lis pendens* was filed in the action, September 17, 1877, and on the same day summons was served on two of the defendants. On September 24, 1877, a money judgment was perfected and docketed against defendant, Timothy Ryan, the owner of the equity redemption in the mortgaged premises. The judgment creditors were not made parties to this action, and, on said account, this purchaser refused to complete his purchase. Subsequent to the entry of said judgment, the summons herein was duly served on said Ryan and the other defendants not previously served.

*Thomas Allison,* for appellant. A judgment docketed against the owner of the equity of redemption, before

service on him of the summons in foreclosure, is subject to the lien of the mortgage, but not to the decree in the foreclosure action. (*Rodgers* v. *Bonner*, 45 N. Y., 379, 387; *Hayden* v. *Bucklin*, 9 Paige, 512–515; *Murray* v. *Ballou*, 1 J. Ch., 566; *Skee* v. *Spraker*, 8 Paige, 184, 189.) A judgment is not an incumbrance within the meaning of section 132 of the Code of Procedure. (*Webb* v. *Fowler*, 11 How. Pr., 458, 459; *Lamont* v. *Cheshire*, 65 N. Y., 30, 36; 2 R. S. [Edm. ed.], 181, § 43; *Butler* v. *Tomlinson*, 15 Abb. Pr., 88, 90; *F. L. and T. Co.* v. *Dickson*, 17 How. Pr., 467, 478; *Hall* v. *Nelson*, 14 id., 32, 34; *Ostrom* v. *McCann*, 21 How. Pr., 431, 432; *Stern* v. *O'Connell*, 35 N. Y., 110–112 *Cleveland* v. *Boerum*, 24 N. Y., 613; 27 Barb., 252; *Hayden* v. *Bucklin*, 9 Paige, 512, 515; *Murray* v. *Ballou*, 1 J. Ch., 566; *Skee* v. *Spraker*, 8 Paige, 184, 189; *People's Bk.* v. *Ham. M. Co.*, 10 id., 46; *Cook* v. *Mancies*, 5 J. Ch., 89; *Bishop* v. *Paine*, 11 Ves., 194.)

*D. Hawley*, for respondents. An action for the foreclosure of a mortgage virtually *in rem*, and if commenced as to one defendant, must necessarily be commenced as to all. (*Cleveland* v. *Boerum*, 24 N. Y., 613, 622; 27 Barb., 252, 256; *Lamont* v. *Cheshire*, 65 N. Y., 30, 37.) The judgment creditors of Ryan, whose judgment was recovered *pendente lite*, have no right of redemption here; they are subsequent incumbrancers. (*Cook* v. *Mancies*, 5 J. Ch., 89; *People's Bank* v. *Hamilton Man. Co.*, 11 Paige, 481; Code of Procedure, § 282; id., § 1251; 3 R. S. [5th ed.], 637; act of 1823, Laws 1823, p. 213, § 11; 2 R. S. [1st ed.], 174; 2 Edmond's Statutes, 181, § 43; Webster's Dictionary, verb "record," noun "record;" 3 R. S. [5th ed.], 638, §§ 10, 11, 12, p. 64, § 27; *Craig* v. *Ward*, 36 Barb., 382; *Catlin* v. *Billings*, 16 N. Y., 622; *Jackson* v. *Walker*, 4 Wend., 462; *Smith* v. *Briggs*, 9 Barb., 252; *Crandall* v. *Cropey*, 10 N. Y. Leg. Obs., 1; *Lombard* v. *Bayard*, 7 Penn. Law Jour., 196, 250.)

FOLGER, J.   The appellant was a bidder at a sale on a foreclosure of a mortgage.   He declines to fulfill the terms of. sale, because judgment creditors of the owner of the equity of redemption were not made parties to the action. But it appears that the creditors did not record the judgment, until after the plaintiff in the foreclosure suit had filed a notice of *lis pendens*, in due accord with section 132 of the Old Code, and had made due personal service of the summons upon two of the defendants in the suit.   The judgment was docketed, however, before the summons had been served upon the defendants, the owners.

The appellant rests his refusal to fulfill upon the ground that the judgment was docketed before service of summons was made upon the owner — defendants.   But section 132 gives the benefit of a notice of *lis pendens*, when there has been due service of the summons, according to its terms, upon any defendant in the suit.

The appellant rests his refusal to fulfill upon another ground : that a judgment got, as was the one in question, is not an incumbrance, within the purview of section 132, and that such a judgment creditor is not an incumbrancer obnoxious to its provisions.

It needs no argument, or citation of authorities, to show that a judgment, which is a lien upon lands, and might be enforced to the taking of the title to them from the judgment debtor, or any subsequent purchaser from him, is a charge and burden upon those lands, and hence, an incumbrance upon them.   Every right to or interest in land, to the diminution of its value, but consistent with the passing of the fee by a conveyance, is an incumbrance upon it. (*Prescott* v. *Trueman*, 4 Mass., 627–630.)   Plainly the judgment was after the notice of *lis pendens*, and the judgment,  · as an incumbrance, was subsequent thereto.

The appellant's claim rests upon language of GROVER, J., in *Rodgers* v. *Bonner*, 45 N. Y., 379–387.   The meaning of that language has not been caught by the appellant, because of inattention to the fact that the learned judge was there

speaking of a kind of, that is, *bona fide* incumbrances, and was deciding only whether the one judgment then before his mind was of that kind. He states what was insisted in that case, *i. e.*, that inasmuch as the judgment there was docketed before the filing of *lis pendens*, it was *bona fide*, within the one hundred and thirty-second section. And his answer is, that though that is true, yet it is subject to all prior liens, either legal or equitable, irrespective of knowledge of the existence of them. And, therefore, is his conclusion, though unexpressed; it did not need that there should have been the filing of *lis pendens*, to give constructive notice of the prior lien created in that case by the levy of an attachment. When he also says, in the sentence on which the appellant's error is built, "but a judgment lien is not an incumbrance, within the meaning of the section," he must be read as speaking to the matter then before the court, which was the effect of an attachment actually levied upon real estate, in behalf of one creditor, before the docketing of a judgment by another creditor against the owner thereof, which docketing was prior in date to the filing of notice of *lis pendens* by the attachment creditor. The contention of the judgment-creditor was that he was not an incumbrancer subsequent to the filing of that notice. You are not, concedes the learned judge, you are not an incumbrancer, within the meaning of that section which speaks only of subsequent incumbrancers; yet you are a general and not a specific lienor, and so you are inferior in right to all prior liens, whether legal or equitable, irrespective of knowledge of them.

The plaintiffs in this suit filed the complaint and notice of *lis pendens* in it, on the 17th September, 1877, in the proper office, and on the same day made personal service of the summons on two of the defendants in the suit. It was on the twenty-fourth September of that year that the judgment was docketed against the owner of the equity of redemption. It thus appears that the plaintiffs were regular, and entitled to the advantages given by the one hundred and thirty-second section.

The title offered to the appellant is not bad, in the matters claimed by him. He ought to carry out the purchase.

The order of the General Term should be affirmed.

All concur.

Order affirmed.