EMILY C. VAN VLIET, Respondent, v. JOHN McLEAN, Appellant.

*Action for false representations—fraudulent intent must be proved to authorize a recovery.*

The plaintiff purchased of the defendant a mortgage, relying upon a statement made by the latter, that it was a first mortgage, and that the property covered by it was worth $15,000. In fact, it was a second mortgage, and worthless. The defendant made the statement in good faith, believing it to be true. He did not intend, and refused to guaranty the payment of the mortgage.

In an action brought by the plaintiff to recover the amount paid by her on the purchase of the mortgage, *Held*, that she was not entitled to recover.

Appeal from a judgment in favor of the plaintiff, entered upon the trial of this action, by the court without a jury.

The action was brought to recover the amount paid by the plaintiff to the defendant upon the purchase of a mortgage, upon the ground that he had at the time of its purchase promised and warranted that the mortgage was a first lien upon the premises covered by it, and that the property was worth $15,000. The mortgage was given to secure payment of the sum of $1,000. The court found, as matters of fact:

"I find that the defendant, as part of the transaction of sale, stated that the mortgage was a first mortgage upon property worth $15,000. That at that time it was not a first mortgage, but was a second mortgage, and the first mortgage covered all the lands described in the mortgage in dispute, which on foreclosure sold for no more than the sum due on the said first mortgage. That this mortgage was worthless at the time it was so purchased of the defendant. That McLean refused to guarantee the mortgage when called upon to make the formal assignment; and the covenant

to that effect in the assignment, therefore, was erased, but at the same time the defendant stated that it was a first mortgage. That there was no fraud. That McLean believed it was a first mortgage and a good mortgage, and did not intend to guarantee it. That plaintiff relied upon the statement that it was a first mortgage, and bought thereon, and paid $1,000 therefor.

And, as conclusions of law, "that the statement that the mortgage was a first mortgage was a material statement, and by reason of it plaintiff bought. That the plaintiff is entitled to judgment for the mortgage, with interest, and without costs, amounting in all to $1,130.11."

*Sackett & Smith*, for the appellant.

*John Thompson*, for the respondent.

DYKMAN, J.:

This action is for the recovery of the amount paid to the defendant by the plaintiff, on the assignment of a mortgage on real property.

The trial was before the judge without a jury, and his finding is that, as a part of the transaction, the defendant stated that the mortgage was a first mortgage upon property worth $15,000. That it was not a first mortgage, and was worthless. That the defendant refused to guarantee the mortgage. That there was no fraud, and that the defendant believed it was a first mortgage and a good mortgage, and did not intent to guarantee it. That the plaintiff relied upon the statement that it was a first mortgage, and bought thereon. The conclusion of law is, that the statement was a material one, and the plaintiff bought by reason of it, and is entitled to judgment.

It is thus seen that the recovery is not permitted on a warranty for there was none. If it can be maintained therefore it must stand on the declaration of the defendant, that the mortgage was a first mortgage. The defendant so stated, and the statement was untrue, but is this sufficient to impose liability upon him. For a representation made without intent to deceive no action can be sustained. Intent to deceive must exist, with falsehood, before any

legal liability is imposed.   The case of *Bennett* v. *Judson* (21 N. Y., 238), was at one time supposed to have established a different rule in this State, and the language of the judge who delivered the opinion tends to such conclusion.   That case has, however, been so explained and questioned by the Court of Appeals, that it cannot be permitted such effect.  (*Craig* v. *Ward*, 3 Keyes, 393; *Marsh* v. *Falker*, 40 N. Y., 565; *Meyer* v. *Amidon*, 45 Id., 170; *Oberlander* v. *Spiess*, 45 Id., 175; *Wakeman* v. *Dalley*, 51 Id., 34.)

These cases all hold substantially, that, before a recovery can be permitted in this class of cases, there must be false representations and an intent to deceive, by stating what is known to be false, or by professing knowledge of the truth of a statement which is untrue.   In this case, the representations of the defendant were untrue, and although made in positive terms yet they were made with no intent to deceive.   The design to defraud the plaintiff is excluded from the transaction.   The defendant believed what he said was true, and the language used was not calculated to produce the belief that he had personal knowledge of what he said.   The subject was not one upon which he had personal knowledge, and his declaration imports no more than the expression of his candid belief.   There was no positive expression of knowledge, and it was a subject upon which knowledge would naturally be possessed by but few.   We think the findings of fact fatal to the conclusion of law.   It is found that there was no warranty and no fraud, and that the defendant believed what he said to be true.   The judgment, therefore, should have been for the defendant.

The judgment should be reversed, and a new trial granted, with costs to abide the event.

GILBERT, J., concurred; BARNARD, P. J., not sitting.

Judgment reversed and new trial granted, costs to abide event.