### CONNOR v. CONNOR et al.

*(Supreme Court, General Term, First Department. February 11, 1891.)*

1. PARTITION—PARTIES.
    Under Code Civil Proc. N. Y. § 1671, relating to partition proceedings, and providing that a person whose conveyance is executed or recorded after the filing of the notice of *lis pendens* is bound by all proceedings taken in the action after the filing of the notice, to the same extent as if he were a party to the action, it is no objection to the proceedings that a mortgagee, whose mortgage was not executed until after the filing of the *lis pendens,* had not been made a party, and had not received notice of the application for judgment.

2. SAME—NOTICE OF TRIAL—PUBLICATION.
    Code Civil Proc. N. Y. § 1562, providing that where a reference is directed in partition the referee must cause a notice to be published once in each week for six consecutive weeks in such newspaper published in the county wherein the place of trial is designated as shall be designated by the court, and also in a newspaper published in each county in which the property is situated, does not require that the notice should be published in two newspapers, where the county of the trial and the county in which the property is situated are one and the same.

Appeal from special term, New York county.

Partition proceedings instituted by Robert Connor against Charles Connor, Mary Ann McGarrity, and Robert McGarrity, and others. Defendants McGarrity appeal from an order denying their motion to vacate the interlocutory judgment entered therein.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Kelly & MacRae,* for appellants. *B. F. McCahill, Matthew Daly, Francis J. Bischoff, William R. Syme, Thomas J. McCahill,* and *John Whalen,* for respondents.

BRADY, J. This is an appeal by the defendants McGarrity, who were purchasers at the sale in partition herein, from an order made by Mr. Justice ANDREWS refusing to set aside the interlocutory judgment on the ground that notice to creditors having liens against the parties to the action by ad-

vertisement was not given, and that, as there are lien creditors not cut off, the sale of the premises was irregular, and should not be confirmed.   Concurrently with the motion to set aside the judgment, a motion was made to confirm the sale, but the proceedings were stayed pending this appeal.

The alleged irregularities were as follows:   *First*. That a certain corporation known as the "John Kress Brewing Company," a mortgagor, had not been made a party to the action, and had not received notice of the application for the judgment.   *Second*. The second alleged irregularity is that the referee advertised for liens for six weeks in only one newspaper.

The first objection is of no value, for the reason that the notice of *lis pendens* in this action was filed on the 7th day of June, 1889, and the mortgage was not executed or recorded until the 23d day of November, 1889, which was more than six months after the filing of the *lis pendens*.   It is expressly provided by section 1671 of the Code that a person whose conveyance is executed or recorded after the filing of the notice of *lis pendens* is bound by all proceedings taken in the action after the filing of the notice, to the same extent as if he were a party to the action.   *Fuller* v. *Scribner*, 76 N. Y. 190; *Kindberg* v. *Freeman*, 39 Hun, 466.

The next objection in regard to the publication does not seem to be well taken.   Section 1562 of the Code provides, where a reference is directed in an action of partition, the referee must cause a notice to be published once in each week for six successive weeks in such newspaper published in the county wherein the place of trial is designated as shall be designated by the court directing the reference, and also in a newspaper published in each county in which the property is situated, requiring each person not a party to the action who at the date of the order had a lien upon any undivided share or interest in the property to appear, etc.   It appears from the record that the notice thus required was published in a newspaper designated by the court, which newspaper was published in the county of the place of trial, namely, in New York county, where the property of which partition is sought is situated.   The appellants' contention is that notice should be published in two newspapers published in New York county, because the property is therein situated, and because it is the county for the trial of the action.   Prior to 1887 it was necessary to make publication in the state paper, but in that year an amendment was adopted by the legislature, substituting a local paper for the publication of the notice required to be given.   There is nothing in the section mentioned which requires a publication in two newspapers, unless the property of which partition is sought is in two counties, as clearly indicated by the language of the section, which, after providing for a publication in the county wherein the place of trial is designated, provides also for the publication in a newspaper published in each county wherein the property is situated, and the provision thus applied would require and would secure a publication of the proceeding in each county wherein any of the property sought to be partitioned was situated.   The publication, it must be observed, is not to be made in "newspapers" but in "such newspaper."   This language confirms the propriety of the construction adopted, and shows clearly that the publication in newspapers in any of the counties wherein the property is situated was not provided for, and was not contemplated, but one newspaper only.   For these reasons the order appealed from must be affirmed.

DANIELS, J.   I concur.

VAN BRUNT, P. J., (*concurring*.)   I cannot find from the record that the newspaper in which publication was made was ever designated by the court. But, the referee having reported the publication to the court, and the court having confirmed his action, such confirmation was equivalent to an original designation.   I concur, therefore, in result.