HERBERT BERNARD and LENORA BERNARD, Plaintiffs, v. IDA L. BALDWIN and GRACE W. MELVIN, Defendants.

(Supreme Court, Otsego Special Term, March, 1919.)

Lis pendens — filing of — partition — parties — deeds — Code Civ. Pro. § 1671.

The effect of section 1671 of the Code of Civil Procedure which provides: " Where a notice of the pendency of an action may be filed as prescribed in the last section, the pendency of the action is constructive notice," etc., is to make the property involved in the litigation, subject to the burden of the action as against holders of unrecorded deeds and instruments executed after the filing of the *lis pendens* in said action, and indexed against all persons having an interest in the property.

Where by a warranty deed a tenant in common and his wife convey to one who for many years had been in possession thereof as the tenant of the owners of the fee, one of two separate and distinct parcels of real property owned by his grantor and another in common, and the deed was not recorded until after the commencement of an action of partition by the other tenant in common and the recording of the *lis pendens* therein, a plea interposed in an action for the partition of the one parcel conveyed, of the pendency, undetermined, of the prior action, is a complete defense.

As there was nothing with respect to the occupancy of the grantee of the one parcel which was equivocal or inconsistent with the title of the apparent owners of record, his possession in the circumstances was not constructive notice to the other tenant in common who was made a party defendant in the present action.

The fact that said grantee was not served with process in the prior action for partition until after his deed had been recorded

does not affect or change the rights of the defendant in the present action, who was the plaintiff in the prior action, as the parties and all in privity with them are bound by the filing of the notice of pendency in the prior action.

The fact that the deed to the plaintiff in the present action was made and delivered to him by his grantor in his lifetime and the prior action, begun against said grantor's devisee and personal representative, does not change the situation.

ACTION for partition.

J. P. Friery, for plaintiffs.

Edwin R. Campbell, for defendants.

KELLOGG, A. L., J.   This is an action for partition. An answer has been served by the defendant Ida L. Baldwin, which is interposed as a complete defense, upon the ground that a prior action is pending, involving the same real estate which is described in the complaint.

The former action was brought by Ida L. Baldwin against Amelia Graney et al., for the partition of two separate and distinct parcels of real property, all of which was owned by John Graney and Ida L. Baldwin as tenants in common, prior to September 14, 1918. On the date last mentioned, John Graney and his wife executed and delivered to this plaintiff, Bernard, a warranty deed of all of their right, title and interest in one of the parcels in question, and of which partition is sought in this action.   This plaintiff, Bernard, had been in possession of the parcel so conveyed to him for a number of years, as tenant of the owners of the fee, to wit, John Graney and Melvin E. Baldwin. After the death of Melvin E. Baldwin, and the probate of his will, Bernard was the tenant of John Graney and this defendant Ida L. Baldwin.   It is undisputed that the defendant Ida L. Baldwin had no notice or knowledge of plaintiff's claim of ownership until she was served with the summons in this action.

John Graney died on October 16, 1918, and, upon the probate of his last will and testament, Amelia Graney became the owner of his interest in the parcel numbered 2 in the former action, wherein this defendant Ida L. Baldwin is plaintiff. Amelia Graney was never the owner of the parcel described in the complaint in this action, for the reason above mentioned, that her husband, prior to his death, as one of the owners of the fee, had duly conveyed his interest in the same to this plaintiff Bernard.

The former action was commenced by the service of the summons and complaint on Amelia Graney, December 21, 1918, and the same, together with the *lis pendens,* were filed in Otsego county clerk's office on the same date.

The complaint in the former action alleges that the plaintiff Ida L. Baldwin and the defendant Amelia Graney are the owners as tenants in common of both parcels, and demands judgment directing their sale. Herbert Bernard, the plaintiff herein, was made a party defendant as one of the tenants in possession.

The deed from Graney and his wife, Amelia Graney, to Bernard was not recorded until after the commencement of the first action and the recording of the *lis pendens* therein.

The defendant Ida L. Baldwin contends that, having duly filed her *lis pendens* in the action in which she is plaintiff before the recording of the deed from Graney to Bernard, the complaint in this action must be dismissed, and that the two parcels of real estate in question must be sold under a judgment in the prior action.

It is the claim of the plaintiff Bernard, here, that in order to sustain the contentions of the defendant Baldwin it must be held, that an action of partition can be maintained by a plaintiff who is a tenant in common of one parcel with one tenant, and a tenant in

common of another and distinct parcel with another tenant, with no common interest in such separate parcels between such tenants.

That would have been the situation had the plaintiff Bernard promptly recorded his deed, after its execution and delivery to him by Graney. But, not having recorded his deed until after the service of the summons and complaint, and filing of the *lis pendens* in the first action, the plaintiff therein, Ida L. Baldwin, had a right to assume that at the time she commenced her action, Amelia Graney and herself were tenants in common of all real estate which she had described in her complaint.

The service of the summons and complaint on Amelia Graney and filing of the *lis pendens* prior to the recording of the deed from Graney to Bernard, charged this plaintiff, Bernard, with the result of that action, and the real estate therein described is subject to its burden.

Section 1671 of the Code of Civil Procedure provides as follows: " Where a notice of the pendency of an action may be filed, as prescribed in the last section, the pendency of the action is constructive notice, from the time of so filing the notice only, to a purchaser or incumbrancer of the property affected thereby, from or against a defendant, with respect to whom the notice is directed to be indexed, as prescribed in the next section. A person, whose conveyance or incumbrance is subsequently executed, or subsequently recorded, is bound by all proceedings taken in the action, after the filing of the notice, to the same extent as if he was a party to the action."

The above was formerly section 132 of the Code of Civil Procedure, and was amended in 1858, by the addition of the words " or subsequently recorded." Cases decided on the point in question, therefore, prior to 1858, have no application here.

The effect of this section is to make the property involved in the litigation, subject to the burden of the prior action as against holders of unrecorded deeds and instruments executed after the filing of notice of pendency therein, and indexed against all persons having an interest in the property. The holder of an unrecorded deed is placed in the same position as a grantee after the filing and indexing of the notice.

In *Kursheedt* v. *Union Dime S. Inst.,* 118 N. Y. 359, Bradley, J., in writing for the court, in that case, on page 363, says: '' Prior to the Code, the failure to record a conveyance made subsequently to a mortgage and prior to the commencement of an action, for its foreclosure or filing *lis pendens,* did not obviate the necessity of making such subsequent grantee a party defendant, to bar his right of redemption. Those not made parties, and thus affected by the judgment were purchasers and incumbrancers who became such *pendente lite.* The provisions of the Code so modified the rule as to make the action and its result effectual as against subsequent purchasers and incumbrancers, whose conveyances are not recorded at the time of filing the notice of pendency of the action. This may not be the rule when a plaintiff in such action has actual notice of the unrecorded incumbrance at the time of its commencement. *Lamonte* v. *Cheshire,* 65 N. Y. 30. There is no occasion here to consider that question. It was contemplated by the provisions referred to of the Code, that those whose conveyances or incumbrances appear by the record should be made parties, in order to charge, with the result of the action, those holding under them not made parties, whose interests do not so appear of record at the time of filing such notice. That is to say, that the latter should be barred by charging the former as defendants in the action.''

In *St. Regis Paper Co.* v. *Santa Clara Co.,* 62 App.

Div. 538, S. Alonzo Kellogg, J., at page 541, says: " The effect of filing a *lis pendens* is to make subsequent grantees and incumbrancers parties to the action so far as the rights acquired by them in the property are concerned, and in this sense, it has all of the force of an attachment upon property, with none of the liabilities attending that remedial assistance. But this condition is a matter for the Legislature exclusively. The Legislature has the undoubted power to arbitrarily impound the subject matter of the litigation until the litigation ends, as it does by the provisions of section 1670." A grantee whose deed was delivered but not recorded before an action to foreclose was commenced, and mortgagees had no express or constructive notice, is precluded by the judgment of foreclosure though not a party. *Powell* v. *Jenkins,* 14 Misc. Rep. 83.

The decisions in *Lamont* v. *Cheshire,* 65 N. Y. 31, and *Bell* v. *Gittere,* 14 N. Y. St. Rep. 61, are not contradictory of this rule, and are not in point with this case. In both of these actions, the party in whose behalf the *lis pendens* was filed, had *actual* notice of the unrecorded instruments.

The court, however, in *Bell* v. *Gittere, supra,* which was an action of partition, expressly approved the rule that where an action is brought to recover judgment affecting the title to or the possession, use or enjoyment of real property, where there was no actual notice, the pendency of the action is constructive notice of the purchase from a defendant from the time of the filing of the *lis pendens,* and a person whose conveyance of the property is subsequently recorded is bound by all proceedings taken in the action after filing a notice to the same extent, as if he were a party to the action.

The possession of Bernard, under the circumstances, as disclosed by the record here, was not constructive

notice to this defendant Baldwin, as there was nothing with respect to his occupancy which was equivocal or inconsistent with the title of the apparent owners of record. *Powell* v. *Jenkins, supra.*

The fact that in the Baldwin action the defendant Bernard was not served until after the placing of his deed on the record, does not affect or change the rights of this defendant in either action. Under the Code, section 1671, the service of the summons and complaint in the prior action, on Amelia Graney, made Bernard as the holder of the unrecorded conveyance, a party to that action, just as much as though he had been the holder of the record title, and had been made a party as such and served with process, and is bound by all of the proceedings had therein whether served at all or not. *Fuller* v. *Scribner,* 76 N. Y. 190.

The parties and all in privity with them are bound by the filing of the notice of pendency in the first action. The fact that the deed to Bernard was made and delivered to him by Graney in his lifetime, and the prior action begun against Graney's devisee and personal representative, does not change the situation. *Craig* v. *Ward,* 36 Barb. 378; 3 Keyes, 387.

The plea of former action pending and undetermined, together with the other allegations of the answer, constitute a complete bar and defense to this action.

It follows that the complaint herein should be dismissed, with costs.

Ordered accordingly.