Butler *v.* Tomlinson.

---

PECKHAM, J. concurred.

Order affirmed.

[NEW YORK GENERAL TERM, November 3, 1862. *Ingraham, Leonard* and *Peckham,* Justices.]

————— •◆• —————

BUTLER, trustee &c., *vs.* TOMLINSON and others.

In an action for foreclosure, commenced previous to the amendment of the 132d section of the code, in 1862, a grantee of land was not charged with constructive notice of the commencement of the suit, although a *lis pendens* had been filed, unless the summons had been served on his grantor before the conveyance of the land.

THIS was an appeal from an order made at a special term denying a motion made in a foreclosure suit that Joseph N. Balestier, the purchaser of a part of the mortgaged premises sold under the decree, be compelled to complete his purchase.

The case was submitted on the following statement of facts, agreed upon by the counsel for the respective parties: The complaint and the notice of *lis pendens* were filed on the 23d of January, 1862; Peter A. Youngblood, who then owned the legal title of record, being mentioned in both as a defendant.   On the 24th of January the summons was served on the defendant Tomlinson, and on the 25th on other defendants.   On the 29th of January an order was made, requiring service of the summons to be made on the defendfendant Youngblood as a non-resident residing in New Jer-

Butler *v.* Tomlinson.

sey, by publication for six weeks. The purchaser's sole objection to the title was that, before such service on Youngblood by publication was complete, a conveyance of the legal title in the premises from him to one who had not been made a party to the suit was duly recorded. Such transfer was in fact recorded on the 1st day of February, 1862, after the filing of the complaint and notice of *lis pendens*, after the actual service of summons on several parties, and after the order for publication. The conveyance of the legal title, before mentioned, was proved on the 24th of January; the record so showing.

*Joseph H. Choate*, for the appellant.

*J. N. Balestier*, purchaser, in person.

*By the Court*, LEONARD, J. The court is deemed to have acquired jurisdiction, and to have the control of all subsequent proceedings, in a civil action, only from the time of the service of the summons. (*Code*, § 139.)

Where the service is by publication, the summons is not deemed to be complete until the expiration of the time prescribed for publication. (*Code*, § 137.)

Notice of the pendency of an action has no effect until the action is commenced. Notice cannot be given of a fact which does not exist. Hence, although the code (§ 132) permits such a notice to be filed at the time of filing the complaint, it can only be effectual for the purpose intended from the time it becomes really a notice of the fact that an action has been commenced. Prior to the service of the summons the court has acquired no jurisdiction, and has no control over any proceedings in the action, except in cases where there has been a voluntary appearance.

For these reasons, the grantee of land is not charged with constructive notice of the commencement of an action for foreclosure, although a *lis pendens* has been filed, unless the

Colwell *v.* Lawrence.

summons has been served on his grantor before the conveyance of the land.

This embarrassment in foreclosure cases has been cured by an act of the legislature passed since this action was commenced; but it has no retroactive effect to cure the difficulty here.

The order must be affirmed, with $10 cost of appeal.

[New York General Term, November 3, 1862. *Ingraham, Leonard* and *Barnard,* Justices.]