GRACE E. KURSHEEDT et al., Respondents, *v.* UNION DIME SAVINGS INSTITUTION OF THE CITY OF NEW YORK, Appellant.

*It seems*, a judgment in a foreclosure suit under the Code of Procedure (§ 123, as amended in 1856 and 1862) is effectual to bar the right of redemption of a grantee not made a party, whose deed was subsequent to the mortgage and prior to the commencement of the foreclosure suit, but was not recorded until after the filing of *lis pendens;* at least where the plaintiff in such action had no actual notice at the time of its commencement of the unrecorded deed.

It was contemplated by the provisions of the Code of Procedure in reference to filing, *lis pendens* (§ 132; see, also, Code of Civ. Pro. §§ 1670, 1671), that those, whose conveyances or incumbrances appear by the record, should be made parties in order to charge with the result of the action, those holding under or through them not made parties, whose interests do not so appear at the time of such filing .

While, where the mortgagor has conveyed his interest, he is not a necessary party to the foreclosure; if he is not made a party, it is necessary to make one deriving title or interest from him, subsequent to the mortgage, a party in order to bar his right of redemption.

For the purpose, therefore, of charging subsequent grantees or incumbrancers not made parties, the fact that the mortgagor has conveyed the property does not obviate the necessity of serving the summons and complaint upon him, and charging him by the decree.

In an action to foreclose a mortgage, brought under the Code of Procedure, the mortgagor was made a party, but was not served with the summons and complaint.   S., a defendant, who was served, appeared and answered, setting up and proving a conveyance from the mortgagor of his equity of redemption, executed before the commencement of the foreclosure suit, but not recorded, and of which it did not appear the plaintiff therein had notice at the time said action was commenced.   S. at that time was married; his wife was not made a party.   In an action by a purchaser from one who claimed title under a deed on sale under judgment in the foreclosure suit, to recover back the purchase-money paid, *held*, that, as the mortgagor was not served, the right of dower of the wife of S. was not cut off by the foreclosure; that the fact that her husband was a party defendant did not operate to bar or defeat her right of redemption; that, therefore, the vendor was not able to convey a marketable title free from reasonable doubt, which in contemplation of the parties was to be conveyed in performance of the contract; and that plaintiff was entitled to recover.

A wife's inchoate right of dower is not derived from her husband, but it vests at the moment of the grant to her husband and she takes it constructively as purchaser from the grantor.

(Argued December 20, 1889 ; decided January 21, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made March 31, 1887, which affirmed a judgment in favor of plaintiffs, entered on a decision of the court on trial at Special Term.

The nature of the action and facts are sufficiently stated in the opinion.

*Wm. H. Arnoux* for appellant.    Mrs. Sanford is a subsequent incumbrancer, and is barred by the proceedings subsequent to the filing of the *lis pendens.* (Old Code, § 132 ; *Ostrom* v. *McCann,* 21 How. 431 ; *Fuller* v. *Scribner,* 76 N. Y. 190 ; 16 Hun, 130 ; *Cleveland* v. *Boreum,* 24 N. Y. 622.)    The title of the defendant to the premises in question was free from any and all defects and was a good, valid and marketable title. (*Mosher* v. *Cochrane,* 107 N. Y. 35 ; *Schermerhorn* v. *Niblo,* 2 Bosw. 161.)

*M. A. Kursheedt* for respondent.    By the Revised Statutes of this state the legal title to real estate cannot pass except by an instrument under seal.    (1 R. S. 738, § 137 ; *Warren* v. *Lynch,* 5 Johns. 239 ; *Jackson* v. *Wood,* 12 id. 73 ; *Jackson* v. *Wendell,* Id. 355 ; *Morse* v. *Salisbury,* 48 N. Y. 643 ; *Baird* v. *Mayor, etc.,* 96 id. 567–577 ; *Sherwood* v. *Hauser,* 94 id. 626 ; 2 R. S. 404, § 62 ; *Rochard* v. *Boller,* 6 Daly, 460 ; *Bk. of Rochester* v. *Gay,* 2 Hill, 227 ; *Coit* v. *Milliken,* 1 Denio, 376 ; *Town of Solon* v. *W. S. Bk.,* 114 N. Y. 132 ; L. R. [6 C. P.] 411 ; *Switzer* v. *Knapps,* 10 Iowa, 72 ; *McCoy* v. *Cassidy,* 96 Mo. 429, 433 ; *Williams* v. *Bass,* 22 Vt. 352 ; *Switzer* v. *Knapp,* 10 Iowa, 75 ; *Herrick* v. *Malin,* 22 Wend. 388 ; *Jackson* v. *Osborn,* 2 id. 555 ; *Smith* v. *McGowan,* 3 Barb. 404.)    A purchaser is entitled to more than a mere equitable title to real estate which he has contracted to buy. The defendant in this case  expressly agreed to give the plaintiffs a proper deed for the conveying and assuring to them the fee simple of said premises.    The defendant does not comply with this contract by simply transferring the right to bring a law suit to obtain a conveyance.    (*Fletcher* v. *Button,* 4 N. Y. 396 ; *Burwell* v. *Jackson,* 9 id. 535 ; *S. F. C. S. Bk.* v. *S. C. Society,* 127 Mass. 516 ; *Shriver* v. *Shriver,* 86 N. Y. 575 ; *Fleming* v. *Burnham,* 100 id. 1, 10 ; *Adams* v. *Valentine,* 33 Fed. Rep. 1 ; *Abbott* v. *James,* 111 N. Y. 673 ; *McPherson* v. *Smith,* 49 Hun, 254 ; *Jordon* v. *Poillon,* 77 N. Y. 518 ; *Jeffries* v. *Jeffries,* 117 Mass. 184 ; *M. E. C. Home* v. *Thompson,* 108 N. Y. 618 ; *Uhl* v. *Loughran,* 2 N.

Y. Supp. 190.)   Mrs. Sanford was not made a party to the action, and as she holds an inchoate right of dower, can now redeem from the mortgage.   (*Wheeler* v. *Morris*, 2 Bosw. 524; *Mills* v. *Van Voorhies*, 20 N. Y. 412; Wiltsie on For. Mort. 100, § 44; *M. Bk.* v. *Thomson*, 55 N. Y. 7; *Mills* v. *Van Voorhies*, 22 id. 412; *Bell* v. *Mayor, etc.*, 10 Paige, 49, 67; *Denton* v. *Nanny*, 8 Barb. 618; *Wheeler* v. *Morris*, 2 Bosw. 524, 529; *Hitchcock* v, *Harrington*, 6 Johns. 290; *Collins* v. *Torry*, 7 id. 278; *Kittle* v. *Van Dyck*, 1 Sandf. Ch. 76–78; *Taggart* v. *Rogers*, 49 Hun, 265; *Walton* v. *Meeks*, 41 id. 311; Code Civ. Pro., §§ 379, 444; Laws of 1876, chap. 448, § 1496; Laws of 1877, chap. 318; *Hayden* v. *Bucklin*, 9 Paige, 513; *Butler* v. *Tomlinson*, 38 Barb. 641; *Fuller* v. *Scribner*, 76 N. Y. 190; *Lamont* v. *Cheshire*, 65 id. 30; *Powell* v. *Finch*, 5 Duer, 666; Freeman on Judgments, § 117.)   The evidence of John M. Pinckney excluded was clearly inadmissible.   (Code Civ. Pro., § 835; *Eastman* v. *Kelly*, 1 N. Y. Sup. 867; *Morris* v. *Cain*, 1 South Rep.; Code Civ. Pro., § 836; *Westover* v. *Ætna Life Ins. Co.*, 99 N. Y. 56; *McIntyre* v. *Costello*, 6 N. Y. Supp. 398; *Tooley* v. *Bacon*, 70 N. Y. 34.)

BRADLEY, J.   The purpose of this action was to recover back the purchase-money paid by the plaintiffs to the defendant upon a contract, whereby the latter agreed to sell and convey to them certain land situated in the city of New York; and the alleged ground of the claim is that the defendant was unable to convey to the plaintiffs such title as they were entitled to under the contract.   They recovered.   The title which the defendant claims to have, came through that taken by one Rowe from Catharine A. Ferris, who had the title on the first day of December, 1870, when she made a conveyance to Rowe.   That conveyance also covered land which the defendant by contract undertook to sell and convey to one Todd, who also brought an action against this defendant to recover back purchase-money.

The proposition, urged on the part of the plaintiffs in this action, that the title taken by the defendant was defective on

the alleged ground that the deed from Ferris to Rowe was not sealed, has, at the present term of this court, been determined in *Todd* v. *U. D. S. Inst*,* this defendant upon the same evidence as that presented by the record here, adversely to the plaintiffs, and therefore will have no further consideration on this review.

There is, however, a further question in the present case, which requires consideration. In May, 1874, one Clark, claiming to be the owner of the premises, made to one Clapp a mortgage upon them to secure the payment of $22,000, according to the condition of a bond made by the mortgagor to mortgagee, which bond and mortgage were duly assigned by Clapp to the defendant, and that afterwards, and in July, 1874, the defendant brought an action to foreclose the mortgage and filed with the proper clerk the summons and complaint with a notice of the pendency of the action. The mortgagor, Clark, and one Thomas L. Sanford were named as defendants in the foreclosure action. The summons was in no manner served upon Clark, nor did he appear in the action. Sanford appeared and defended, and, amongst other matters, alleged a conveyance of the premises by Clark to him. The fact was that he had a deed to that effect in his possession at the time of the commencement of that action. It was not then recorded, nor was the defendant then advised that such a deed had been made. But at the time of the commencement of that action Sanford had a wife, Delia A. Sanford, who was not made a party therein. The question arises whether, in view of the fact that Clark was not served, the omission to make Mrs. Sanford a party defendant in the foreclosure action rendered the judgment in that action ineffectual to bar her inchoate right of dower. Such would have been the effect if Clark had been served with the summons or had appeared in the action. (Old Code, § 132; *Fuller* v. *Scribner*, 76 N. Y. 190.) This is on the permitted assumption (without considering the effect if otherwise) that the savings institution was in no manner charged with notice of the conveyance to Sanford at the time of the commencement of that action. Assuming

---

* See *ante*, page 337.

that Clark had conveyed his interest in the property, he was not a necessary party to the action of foreclosure, but, if the action had been brought and prosecuted upon that assumption, it was necessary to make those deriving any title or interest in it from his conveyance parties defendant. Prior to the Code, the failure to record a conveyance made subsequently to a mortgage and prior to the commencement of an action for its foreclosure or filing *lis pendens*, did not obviate the necessity of making such subsequent grantee a party defendant to bar his right of redemption. Those not made parties, and thus affected by the judgment, were purchasers and incumbrancers who became such *pendente lite*. (*Haines* v. *Beach*, 3 John. Ch. 459; *Hayden* v. *Buckler*, 9 Paige, 512; *Butler* v. *Tomlinson*, 38 Barb. 641.)

The provisions of the Code so modified the rule as to make the action and its result effectual as against subsequent purchasers and incumbrancers, whose conveyances are not recorded at the time of filing the notice of pendency of the action. This may not be the rule when a plaintiff in such action has actual notice of the unrecorded incumbrance at the time of its commencement. (*Lamont* v. *Cheshire*, 65 N. Y. 30.) There is no occasion here to consider that question. It was contemplated by the provisions referred to of the Code, that those whose conveyances or incumbrances appear by the record should be made parties in order to charge, with the result of the action, those holding under them not made parties, whose interests do not so appear of record at the time of filing such notice. That is to say, that the latter should be barred by charging the former as defendants in the action. The fact, therefore, that Clark had conveyed the property, did not, for that purpose, obviate the necessity of serving him with the summons and charging him by the decree and thus, through him, by that means to bind any person not made a party, who had by his unrecorded conveyance taken any right relating to the title to the premises. It may be assumed that the notice was duly filed, representing Clark as a party defendant, but that of itself was ineffectual to bar Mrs. Sanford's

right of redemption, if she took any such right through or by means of the conveyance. Such result was dependent upon effectuating the proceedings in the action against him as a party defendant. Without accomplishing such a result, he was in practical effect no more a party than he would have been if his name, as such, had not appeared in the summons. The grantee, Sanford, in the conveyance made by Clark was served, and so far as he was concerned the failure to serve Clark had no importance, and its only consequence has relation to Mrs. Sanford, and the effect of the foreclosure action, the decree and its execution, if executed, upon her alleged inchoate right of dower in the premises. Assuming, as we may for the purposes of this review, that such right existed when the foreclosure action was commenced, it was the subject of her protection by means of defense or any other adequate remedy until lawfully barred. (*Mills* v. *Van Voorhies*, 20 N. Y. 412 ; *Simar* v. *Canaday*, 53 N. Y. 298; *Denton* v. *Nanny*, 8 Barb. 618.)

The right of dower is not derived from the husband. It is a right at common law, and arises by reason of the marriage, and by operation of law. It is a right which attaches on the land when the seizin and the marriage relation are concurrent. And such is the effect of the statute. (1 R. S. 740, § 1.)

When it was essential, under an early statute of this state, to determine the relation of the wife to the grant made of land to her husband, it was held that the wife's inchoate right of dower vested at the moment of the grant to the husband; and that she took such right, constructively, as purchaser from the grantor. (*Sutliff* v. *Forgey*, 1 Cow. 89 ; 5 id. 713 ; *Priest* v. *Cummings*, 20 Wend. 350; *Connolly* v. *Smith*, 21 id. 61; *Lawrence* v. *Miller*, 2 N. Y. 251.)

And inasmuch as Mrs. Sanford did not derive her inchoate right of dower from her husband, the fact that he was a party defendant to the foreclosure action, did not operate to bar or defeat her right of redemption. In view of the apparent situation arising from the failure to bar this alleged right of Mrs. Sanford, the title which the defendant was able to con-

vey to the plaintiffs was not free from reasonable doubt and was not a marketable title which, in the contemplation of the parties, was to be conveyed in performance of the contract.

The judgment should be affirmed.

All concur, except Potter and Haight, JJ., not sitting.

Judgment affirmed.