A petition for a rehearing of this cause was denied by the District Court of Appeal on November 7, 1936.

MARION TAYLOR, Respondent, v. R. A. CHAPMAN et al., Appellants.

Virgil S. Kipp and Sherman Lacey for Appellants.

R. J. Gresham for Respondent.

BARNARD, P. J.—The plaintiff, a housemaid by occupation, purchased two lots from the Mission Beach Company for which she paid $3,800, receiving two deeds dated May 25, 1929, and September 15, 1930, respectively. She did not record the deeds until April 30, 1934, but she paid some $400 in taxes and assessments and her name and address appeared frequently on the tax and assessment records. The defendant R. A. Chapman was engaged in the business of searching tax records for the purpose of furnishing a tax service to certain investors. He discovered that a lighting assessment of $4.01 against one of the plaintiff's lots and $2.23 against the other were not marked paid. He claims to have purchased the two lots at a tax sale for these delinquent assessments and to have received deeds from the city.

On February 8, 1934, Chapman filed an action to quiet his title to these and certain other lots, naming eighteen defendants including the Mission Beach Company, and recorded a notice of *lis pendens*. The plaintiff in the present action was not made a defendant in that action and did not intervene therein. On April 23, 1934, Chapman wrote a letter to Miss Taylor stating that he had been informed at the city hall that she had sent in funds to pay the lighting assessments on these lots; that these lots had been sold to him by the city treasurer for unpaid assessments; that he had advised the city office to return her money; that he was willing to sell her the lots; and that he had a suit pending to establish his legal title. Miss Taylor consulted an attorney and on May 12, 1934, brought the present action to quiet her title, filing a notice of *lis pendens* the same day. On May 24, 1934, the Mission Beach Company stipulated with Chapman that he might take judgment in the other action and on the same day judgment was entered quieting his title to the lots in question as to all defendants named in the action.

At the trial of the present action Chapman relied exclusively upon the judgment thus obtained and did not introduce his tax deeds or make any proof as to the regularity of the proceedings upon which they were based. The court found that pursuant to deeds from the Mission Beach Company Miss Taylor was and had been continuously

the owner and entitled to the possession of these two lots and that the defendants had no right, title or interest whatsoever in them; that through inexperience in business she had failed to record her deeds until April 30, 1934; that she had paid certain taxes and assessments but had overlooked and omitted to pay a lighting assessment of $4.01 against one lot and $2.23 against the other; that the defendants claimed to have bid in both lots at a delinquent sale held by the city treasurer for a trivial consideration, which was found to have been not less than $7 and not more than $10; that the defendants claimed to have become the owners of said lots through deeds which they claimed were issued by the city treasurer, but which were not in evidence; that on February 8, 1934, the defendants commenced an action to quiet title to said lots against Mission Beach Company, but the plaintiff was not made a party to said action; that a notice of *lis pendens* in said action was filed on February 8, 1934; that on May 24, 1934, these defendants obtained a judgment and decree purporting to quiet their title to said lots as against Mission Beach Company; that although these defendants were without knowledge or notice of this plaintiff's interest in said property at the time the other action was commenced they had actual notice thereof before judgment was entered; that they had a full opportunity to make her a party to that action and knew where she was and that she could be readily served with process therein; that these defendants proceeded to take judgment without making her a party to that action; that this plaintiff had knowledge of the pendency of that action prior to May 24, 1934, but did not intervene in that case; that the decree entered in the other action quieting the title of these defendants as against the Mission Beach Company is not binding on this plaintiff as she was not a party to said action and they had notice of her claim prior to the time they obtained judgment; and that section 1214 of the Civil Code is not applicable to the case at bar as against this plaintiff. Judgment was entered quieting the plaintiff's title to these lots and the defendants have appealed.

The appellants rely entirely upon their judgment in the other action, contending that it was unnecessary,

as against this respondent, to prove their title or the regularity of the tax sale through which they claim, that the only remedy open to this respondent was to have intervened in the other action, and that the judgment obtained by them is conclusive against this respondent under section 1214 of the Civil Code. This section, which originally provided that an unrecorded conveyance of real property is void as against any subsequent purchaser or mortgagee in good faith and for a valuable consideration whose conveyance is first recorded, was amended in 1895 by adding the provision relied upon by appellants, which reads as follows: " . . . and as against any judgment affecting the title, unless such conveyance shall have been duly recorded prior to the record of notice of action".

Ordinarily a judgment in a quiet title action is conclusive only against those who are made defendants therein and ample provisions are made to enable a plaintiff to bring in a party whose interests and claims he desires to terminate. All proceedings in tax sales are *in invitum* and tax titles are of little value in this state until the sufficiency and regularity of the proceedings have been confirmed through a quiet title action. The real purpose of such actions is to give the purchaser at a tax sale an opportunity to establish the validity of the tax proceedings and sale, and to give the former owner an opportunity to be heard. On the day the appellants filed their answer in the present action they secured a stipulation from the Mission Beach Company and obtained judgment in the other action. With full knowledge of the respondent's interest in the property and her payment of taxes and assessments for several years, of her address, and of the pendency of this action, the appellants, without making her a defendant or moving to consolidate the actions, hurried through a consent judgment without a contest, when they must have known that the Mission Beach Company had no interest in the property. And in the present action they made no effort to establish the validity of their tax deeds, claiming that the respondent lost her right by failing to intervene in the other action and that her deeds became *ipso facto* void when their notice of *lis pendens* was filed. If, as appellants claim, the rights of the parties were fixed and

determined at the time the *lis pendens* was filed in the other action, under section 1214 of the Civil Code, the right of the respondent to intervene was an empty right and she would not have been able to attack the validity of the appellant's tax deeds or to establish her own title. If, on the other hand, she had a right to a hearing in some forum she was not limited to intervention but could file a separate action.

In *Moore* v. *Schneider*, 196 Cal. 380 [238 Pac. 81], the court considered section 1214 and compared it with the New York statute but refused to pass upon the question whether the section would apply where a prior grantee was not made a party to the action, or where it appeared that a plaintiff had actual knowledge of the unrecorded claim of title at the time of the commencement of the action. It may be observed in passing that the wording of the New York statute would have permitted an intervention in such a case as this, with an opportunity to the respondent to establish her claim and to attack the validity of the tax deeds.

The appellants' interpretation of section 1214, if accepted, would lead to strange results which might often constitute a travesty on justice. Suppose, for instance, that the appellants had taken a quitclaim deed from someone who had owned these lots fifty years before, although there had been a dozen intervening owners, and had brought a quiet title action against that grantor who, consenting to judgment, had obviated the necessity of any real proof. By filing a *lis pendens* ahead of the deed of a *bona fide* purchaser a judgment thus obtained would render void the title of the real owner, without any hearing as to his rights and regardless of any lack of equities in the other claim. Again, a man purchasing a property for cash and recording his deed within an hour might find that he had no title because someone was sharp enough to file notice of *lis pendens*, a few moments before, in an action to quiet title against a fictitious owner. The case at bar furnishes another illustration which speaks for itself.

We are unable to believe that it was the intention of the legislature to make section 1214 applicable to such a situation as that here presented where the grantee in the

unrecorded conveyance was not a party to the action referred to in the notice of *lis pendens,* and where the party securing the judgment obtained any rights he has through a tax sale, and not through the affirmative acts of the grantee in the unrecorded conveyance or of any of his predecessors. The purpose of the statute was to protect those who in good faith acquire an interest in property in reliance on the record. · We think the amendment, added in 1895, was not unrelated to this purpose and that it was adopted with this in mind. Assuming that the amendment applies where the party obtaining the judgment derived his rights from some person under whom the grantee in the unrecorded conveyance claims, and where the failure to record an instrument has substantially affected the rights of the party seeking the judgment, we are of the opinion that the amendment has no application in such a case as this where the appellants claim under a tax title and not under any grant, encumbrance or lien made or suffered by the respondent's predecessor, where the respondent was not made a party to the action, and where the substantial rights of the appellants have not been injured by the failure to record the conveyance. Especially is this true where, as here, the appellants, with the burden of establishing the validity of their tax deeds as against the owner of the property, have failed to make such owner a defendant after being informed of the actual facts and after being served in another action brought by that owner.

If this section, as amended, was intended and is to be construed to apply in such a case as this, it is unconstitutional and void as depriving this respondent of her property without that due process of law which is guaranteed by the Constitution. The respondent paid for this property, received deeds therefor and was the owner thereof. If the filing of the *lis pendens* in the other action rendered her deeds void and is conclusive upon her regardless of the validity of the tax sale, she has been deprived of her property without notice, without a hearing and with no opportunity to defend her own title or to attack the claims of the appellants, and this in spite of the fact that another action was then pending to establish her claims, which were well known to the appellants. The situation here is entirely different from that prevailing .

in a case where a subsequent purchaser takes property subject to a mortgage and where his predecessor, being made a party, may be deemed to represent him in a foreclosure action which follows. In a quiet title action following a tax sale the former owner of the property is not the representative of the present owner, and no question of deceiving a subsequent purchaser, encumbrancer or judgment creditor by failing to record a conveyance can possibly arise.

We conclude that under the circumstances here appearing section 1214 of the Civil Code has no application, and that the judgment relied on by the appellants is not controlling.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 7, 1936.

[Civ. No. 1969. Fourth Appellate District.—October 9, 1936.]