[Civ. No. 6027.  Third Appellate District.—March 16, 1938.]

ILDEFONSO A. SEPULVEDA, as Administrator, Plaintiff and Respondent, v. JOHN V. APABLASA et al., Defendants and Appellants; BURNAND & COMPANY (a Corporation) et al., Defendants and Respondents.

Eugene Harrah, Homer Boardman and C. W. Braswell for Appellants.

Brooks Gifford and T. W. Ward, as *Amici Curiae,* on Behalf of Appellants.

Charles W. Partridge for Respondents.

THOMPSON, J.—This is an appeal on the part of three minor children by their guardian, John V. Apablasa, from two separate orders of court denying their motions to set aside

the judgment under the provisions of section 473 of the Code of Civil Procedure, which judgment was previously rendered in the suit for declaratory relief, entitled *"Ildefonso A. Sepulveda, etc.,* v. *John V. Apablasa, also known as J. V. Apablasa, also known as John C. Apablasa, et al."* affirmed by this court on appeal therefrom. That opinion was this day filed and appears at page 381, *ante.* This proceeding was consolidated with the last-mentioned case for the purpose of appeal.

The appellant, John V. Apablasa, Jr., is the minor son of John V. Apablasa, his guardian, who was a defendant in the suit for declaratory relief above mentioned, and the appellants Harry McGruder and Margaret McGruder are the minor grandchildren of said guardian, by his deceased daughter, Ophelia Apablasa McGruder. It is contended these minor children were necessary parties to the suit for declaratory relief as interested beneficiaries of a trust created by John V. Apablasa in his share of the property derived from the instrument of July 2, 1929, which was the subject of construction in the last-mentioned cause. The judgment was rendered in the action for declaratory relief, December 5, 1935. During the trial of that cause it was suggested by no one that these minors were necessary parties thereto. The first motion to vacate that judgment was made August 23, 1937, after the lapse of a year and eight months from the entry of judgment. The second motion to vacate the judgment on the same ground was made two months later. Both motions were denied.

The respondents assert that the alleged trust under which the minor children claim a beneficial interest is void for uncertainty because it contains no description of the property affected. It is also pointed out that this suit was commenced January 6, 1934; that a *lis pendens* was recorded September 26, 1935, and that the alleged trust in which the minors were interested was not recorded until February 19, 1936, long after the judgment was rendered in this suit. It is asserted that none of the respondents ever heard of the alleged trust in question until John V. Apablasa first testified to it upon this trial. Even then no one suggested to the court that the minors were necessary parties to the action.

We are of the opinion the minor children are bound by the judgment in this case. The respondent, Burnand &

Company, succeeded to the entire interest of John V. Apablasa, as an innocent purchaser thereof for a valuable consideration, without notice of the asserted claims of the minor children. The claims of the minor children depend upon the title of John V. Apablasa in the property in question. It has been determined his title passed to Burnand & Company. This suit involving the title to the property was filed and the *lis pendens* was recorded long prior to the recording of the alleged trust under which the minors claim an interest therein.

Section 1214 of the Civil Code provides that:

"Every conveyance of real property, other than a lease for a term not exceeding one year, is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded, *and as against any judgment affecting the title, unless such conveyance shall have been duly recorded prior to the record of notice of action.*"

Moreover, the motions to set aside the judgment were properly denied for the reason that they were not made within a reasonable time after the entry thereof. (*Smith* v. *Jones*, 174 Cal. 513 [163 Pac. 890].) In the case last cited it is held that a motion to set aside a judgment, not void upon its face, which is presented more than one year after the rendering of judgment, is too late and the court has no power under such circumstances to grant the application. If the minor children are not bound by the judgment in this case, they have their remedy in a separate suit in equity.

The orders are affirmed.

Plummer, J., and Pullen, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 15, 1938, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 12, 1938.