[Civ. No. 20116.   Second Dist., Div. Three.   Sept. 29, 1954.]

EUGENE K. EVARTS, Appellant, v. C. J. JONES, Respondent.

Elon Galusha for Appellant.

Clock, Waestman & Clock and John G. Clock for Respondent.

SHINN, P. J.—Eugene F. Evarts and wife purchased from C. J. Jones under contract Lot 20, Block 8, Tract 12854, in the city of Long Beach. On August 30, 1948, they brought an action, No. LBC-15081, for specific performance of the contract. Demurrer having been sustained to their amended and supplemental complaint, they failed to amend within the time granted and their action was dismissed. They appealed and the judgment was affirmed by this court May 9, 1951 (104 Cal.App.2d 109 [231 P.2d 74].) On September 15, 1950, C. J. Jones brought suit against Eugene F. Evarts and Monrova S. Evarts, his wife, to quiet title (LBC-16869). Eugene F. Evarts was served and defaulted; his wife answered. The action was tried and judgment was entered against Eugene F. Evarts and Monrova S. Evarts, quieting the title of Jones to the property. This judgment was entered February 20, 1952. E. K. Evarts, plaintiff in the present action, is the son of Eugene F. Evarts and Monrova S. Evarts. He instituted the present action to quiet title April 9, 1952. Jones answered asserting his title and pleading the judgment in action LBC-15081 (E. F. and Monrova S. Evarts' action for specific performance) as res judicata. He also filed a cross-complaint to quiet title. When the action came on for trial only the defense of res judicata was tried. Defendant and cross-complainant introduced in evidence without objection the court file in LBC 16869 (Jones' action against E. F. and Monrova S. Evarts to quiet title.) It must be presumed that Jones had in the meantime pleaded the judgment in that action as res judicata. Appellant herein makes no claim to the contrary. Defendant Jones also introduced a photostat of a deed from Eugene F. and Monrova S. Evarts to plaintiff and also a copy of the notice of lis pendens recorded in action No. 16869. The deed to plaintiff was dated January 1, 1950; it was acknowledged April 14, 1952, and was recorded April 15, 1952. The notice of action in No. 16869 was recorded September 15, 1950. Upon the documentary evidence and without other evidence, findings and judgment were in favor of defendant and cross-com-

plainant Jones to the effect that the judgment in No. 16869 was res judicata as to the title of plaintiff herein. Plaintiff appeals.

The question, of course, is whether upon the facts stated plaintiff was precluded by the judgment. Section 1214 of the Civil Code reads: "Every conveyance of real property, other than a lease for a term not exceeding one year, is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded, *and as against any judgment affecting the title, unless such conveyance shall have been duly recorded prior to the record of notice of action.*" Section 1217 provides: "An unrecorded instrument is valid as between the parties thereto and those who have notice thereof." Although section 1214 is not mentioned in the briefs, it furnishes an answer to the question.

▉ Prior to 1895, judgments were not mentioned in the section. In that year the portion in italics was added. Before the amendment one who obtained a judgment quieting his title in an action instituted subsequent to the acquisition of an earlier hostile conveyance was not protected as a bona fide purchaser or encumbrancer. Unless his judgment ran against the holder of the earlier conveyance, it would not have been binding upon the latter. The purpose of the amendment, of course, was to afford a means for strengthening titles to real property. The effect was to encourage the recordation of instruments affecting title and thereby give greater protection to those who in all matters concerning title might rely upon the public records. The amended section is comprehensive. It relates to all conveyances whether made before or after the recording of a notice of the action. If it had not been the intention to make it applicable to prior conveyances, there would have been little if any necessity for the amendment. ▉ A judgment quieting title is conclusive between the parties and their successors in interest by title subsequent to the commencement of an action or special proceeding, litigating for the same thing under the same title and in the same capacity, provided they have notice, actual or constructive, of the pendency of the action or proceeding. (Code Civ. Proc., § 1908, subd. 2.) Under this rule a grantee who acquires title with constructive notice of the pendency of an action to quiet title against his grantor is concluded by a judgment against the latter. The purpose

of the amendment of section 1214 was to give such a judgment a broader effect than it would have under section 1908, subdivision 2. Questions that have not been heretofore considered by the courts may arise as to the proper application of section 1214 under factual situations entirely different from those of the instant case (see *Taylor* v. *Chapman,* 17 Cal. App.2d 31 [61 P.2d 476] ; 25 Cal.L.Rev. 480).     The facts of the present case are that plaintiff claims under his deed from Eugene F. and Monrova S. Evarts who in turn based their claims of title upon their contract with Jones, which identical claims were adjudicated adversely to them in actions No. 15081 and No. 16869. Therefore, plaintiff admittedly could not prove title without establishing the title of his grantors in contradiction of the former adjudications. Upon these facts it is clear it was properly held that plaintiff's deed was void as against the judgment and that the plea of res judicata was established by the documentary evidence. Such was the holding in *Sepulveda* v. *Apablasa,* 25 Cal.App.2d 390 [77 P.2d 530], which as far as we know, is the only case directly in point.

    Since questions of good faith and the payment of a valuable consideration are unrelated to the effectiveness of a judgment affecting the title (*Moore* v. *Schneider,* 196 Cal. 380, 390 [238 P. 81]), it was not incumbent upon Jones·to prove that at the time he obtained his judgment he had no notice of the existence of the deed under which plaintiff claims. Therefore, we do not have the question whether as against the judgment, plaintiff's deed would have been deemed valid if Jones had had notice of it. (Civ. Code, § 1217.)

Appellant says in his brief that he was in possession of the premises at all times hereinabove, that he "had his belongings in said house" and had notified the sheriff and posted a copy of notice on the front door prior to the time Jones obtained his judgment quieting title in case No. 16869. He asserts that his possession was notice to the world of his interest in the property and that as between Jones and himself his unrecorded deed was valid. There was no evidence before the trial court that plaintiff was in possession of the property at any time. If Jones had actual or constructive notice of the existence of plaintiff's deed, and if the fact was material, it was incumbent upon plaintiffs to prove it.

Numerous other contentions are urged by plaintiff which cannot be considered. They relate to matters affecting the

rights and claims of plaintiff's grantors which were adjudicated adversely to them in Jones' action to quiet title.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied October 21, 1954, and appellant's petition for a hearing by the Supreme Court was denied November 24, 1954.