[Civ. No. 8675. Third Dist. Nov. 17, 1955.]

JOSE TORREZ et al., Appellants, v. LESLEE GOUGH et al., Respondents.

James V. Paige and William B. Johnston for Appellants.

Coffee & Wolfe for Respondents.

SCHOTTKY, J.—Plaintiffs above named commenced an action to quiet title to certain real property or to reform a certain deed, dated November 26, 1951, conveying said real property to defendants Gough and Sharp. The amended complaint set forth two causes of action, the first being the usual quiet title action under section 738 of the Code of Civil Procedure. The second cause of action alleged ownership and possession on November 26, 1951, of certain real property described as Lots 17 and 18, 21 through 24, inclusive, and 25, excepting from the last a triangular portion of the northwest corner and a rectangular portion in the northeast corner, El Torres Addition, County of Madera, per map on file in the Official Records of Madera County. It further alleged that on said date plaintiffs orally agreed with defendants Gough and Sharp that plaintiffs would sell and said defendants buy for $800 Lot 25, with the above exceptions and the further exception of a portion of land lying between the above exceptions, hereinafter called the Sandoval parcel; it further alleged defendants Gough and Sharp prepared a deed which conveyed all the aforesaid real property owned by plaintiffs, and falsely represented to them it conveyed only

that portion of Lot 25 orally agreed upon to be sold and conveyed, and that plaintiffs relied on such representations and were thereby induced to sign such deed; and it also alleged that on said date plaintiffs did execute and deliver to said defendants such deed. It was further alleged in this cause of action that plaintiffs first discovered the mistake in the deed on or about the 27th of April, 1952, and thereupon they immediately demanded correction of the mistake or rescission with an offer of restoration of consideration received, but said defendants refused this demand. It was also alleged on information and belief that defendant Preciado after delivery of the aforesaid deed had made a conveyance of said real property to defendant Security Title Insurance and Guarantee Company by trust deed, with defendants Gough and Sharp as beneficiaries.

The answers of the several defendants, in general, admitted the former ownership of plaintiffs of said real property but denied any present ownership or interest therein by them, alleged the conveyance by plaintiffs for $800 consideration paid, denied the allegations of misrepresentation and mistake and plaintiffs' offer to rescind and restore the consideration paid, and alleged a subsequent conveyance to defendant Preciado as a bona fide purchaser for value without any notice of any prior claims.

Following a trial, the court found that on the 26th of November, 1951, plaintiffs were the owners of the real property as alleged in their complaint, excepting further from Lot 25 the Sandoval parcel (title to which was in a separate action quieted in Sandoval et ux., against all parties herein); that on said date plaintiffs executed and delivered a deed to said real property to defendants Gough and Sharp for consideration of $800 paid; that on or about the 13th of December, 1951, and prior to commencement of this suit or recording of *lis pendens* herein, said defendants, for a valuable consideration, conveyed said property to defendant Preciado and the latter took same as a bona fide purchaser for value without notice of any defect, fraud, or mistake in the conveyance from plaintiffs to defendants Gough and Sharp and without any knowledge to put him on notice.

The findings then stated further that because of the aforesaid findings it was unnecessary to make any findings concerning the allegations of fraud, mistake, etc., in the complaint. The court concluded that defendant Preciado took title to the real property by the deed of December 31, 1951, as a bona

fide purchaser for value without notice, and any defect in the prior conveyance from plaintiffs could render the earlier deed voidable only if rights thereunder were exercised prior to the intervention of rights of third persons purchasing for value without any notice of fraud, etc.

In accordance with said findings, judgment quieting title to said real property was entered in favor of defendants Preciado and plaintiffs have appealed from said judgment.

Appellants make no contention that the evidence is insufficient to support the findings that defendants Preciado were bona fide purchasers for value, but appellants do contend most earnestly that under section 1214 of the Civil Code said defendants could not become bona fide purchasers because the deed to defendant Henry Preciado was recorded subsequent to the time of recording the *lis pendens* in the instant action. Said section 1214 provides as follows:

"Every conveyance of real property, other than a lease for a term not exceeding one year, is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded, and as against any judgment affecting the title, unless such conveyance shall have been duly recorded prior to the record of notice of action."

The record shows *lis pendens* in this action was recorded on the 12th of May, 1952, the date of commencement of the action. Gough and Sharp conveyed to Preciado by deed dated December 13th, 1951, and this deed was not recorded until May 22, 1952. The deed of trust from Preciado to Security Title Insurance and Guarantee Company was dated December 13, 1951, and recorded the same date. The evidence indicates that plaintiffs spoke and read little or no English and had no advice or help outside their own immediate family, and that Gough and Sharp took the initiative generally, i.e., opened negotiations, had the deed prepared, obtained the notary, transported plaintiffs to the notary, etc. It further indicates that plaintiff Jose Torres showed Gough and Sharp where Lot 25, which was the parcel for sale, lay on the ground, that they all walked around it and looked at it, but that communications at that time were all by pantomime as Torres did not speak English and they did not speak Spanish. There was no dispute in the record that Gough and Sharp sold the land actually conveyed in the deed to Preciado for

about $4,000, or about five times the price paid to plaintiffs for it. Several unrecorded contracts of sale of various portions of the land in dispute were shown to have been executed by plaintiffs some time prior to the deed to defendants. A contract of sale of the Sandoval parcel, which as noted before was part of the land actually conveyed by plaintiffs to Gough and Sharp, and then to Preciado, was dated August 5, 1949, and was apparently recorded August 10, 1949, although the record is not explicit on that. The record does show that the deed from appellants to defendants Gough and Sharp was recorded on November 27, 1951, in volume 532 of Official Records, and the Sandoval contract was recorded in volume 472, and so it may be assumed that the date of recording the Sandoval contract was prior to the Torrez deed recording and so prior to any deed to Preciado.

It is apparent that the evidence makes a prima facie case for reformation or rescission of the deed from appellants to Gough and Sharp on the ground of misrepresentation and/or mistake, but the primary question with which we are confronted upon this appeal is: When a grantor brings suit to set aside or reform his conveyance to his grantee after the latter has conveyed to a third party for value without notice, and grantor knows of this second conveyance, but grantor records his notice of *lis pendens* prior to the recording of the second conveyance, and both grantee and the third party are joined as defendants, is the second conveyance void as against jdugment affecting title obtained by grantor based on his rights to set aside or reform his prior conveyance?

Appellants cite a number of authorities in support of their contention. They first cite the case of *Moore* v. *Schneider,* 196 Cal. 380 [238 P. 81], in which the court had occasion to consider the amendment to Civil Code, section 1214. Sophie Schneider had been granted certain real property by William Schneider, her husband, without giving value therefor, by a recorded deed. Subsequently, a conveyance of the property was made by William Schneider and one Miller to Moore as assignee for benefit of creditors, but this conveyance was not recorded. Sophie sued William and filed a notice of *lis pendens,* and judgment quieting title in her and against him was entered. Moore then sued Sophie to have his equitable interest in the property established. The trial court held that the judgment in the prior quiet title action was not a bar to the subsequent suit brought by Moore. Upon appeal the judg-

ment was reversed and in the course of its opinion our Supreme
Court said, at pages 390, 392:

"Section 1214 of the Civil Code, *supra*, was amended in
1895, by adding thereto the provision that every conveyance
of real property is void 'as against any judgment affecting
the title, unless such conveyance shall have been duly re-
corded prior to the record of notice of action.' (Stats. 1895,
p. 50.)    The context indicates very clearly that the added
portion, defining the effect of judgments obtained after record
of notice of action, is unrelated to subsequent purchasers,
questions of good faith, valuable consideration, or those who
have notice.    For this reason, it becomes unnecessary to dis-
cuss the authorities cited by respondents which hold that sec-
tion 1214, *supra*, and section 1217, *supra*, should be construed
together.    [Citing cases.]    They deal with situations which
do not arise under the provision of section 1214 applicable
to the facts in this case.    Cases, such as *Warnock* v. *Harlow*,
96 Cal. 298 [31 Am.St.Rep. 209, 31 P. 166], decided before
section 1214, *supra*, was amended in 1895, are not in point
on the question here under consideration.

.    .    .    .    .    .    .    .    .    .    .    .    .

"The particular language of the New York statute, that the
holder of an unrecorded title or encumbrance is 'bound by
the proceedings to the same extent as if he was a party to
the action,' has led the courts of that state to suggest that
the rule might not have the same application in cases where
a plaintiff has actual notice of the unrecorded encumbrance
at the time of the commencement of the action.    (*Kursheedt*
v. *U.D.S. Institution, supra* [118 N.Y. 358 (23 N.E. 473, 7
L.R.A. 229)]; *Lamont* v. *Cheshire*, 65 N.Y. 30.)    The Cali-
fornia statute has made the rule more stringent in its appli-
cation than it is in New York, by declaring that a conveyance
which is not of record when the *lis pendens* is filed is 'void'
as against the judgment affecting the title to the property.
The provision was added to section 1214 in 1895, long after
section 1217, providing that an unrecorded instrument is
valid as between the parties and those who have notice
thereof, based on an older enactment (Stats. 1850, p. 249),
was incorporated in our present code.    It was enacted by the
legislature, we may assume, to stimulate and bring about the
prompt recordation of all conveyances of real property.    Its
purpose is to prevent fraud through the withholding of
notice of transactions affecting titles, to the detriment of sub-
sequent purchasers in good faith and for valuable considera-

tion, and those who may seek to confirm their claims to real property by judgments affecting the title. It constitutes a most salutary rule. Whether or not it should apply in a case in which a prior grantee is not made a party to the action, or in which it appears that a plaintiff has actual knowledge or notice of the unrecorded claim of title at the time of the commencement of the action, we are not prepared to say. Neither situation is presented here. The findings do not support the contention of the respondents that Mrs. Schneider knew of the assignment to respondent Moore when she brought her action to quiet title. There is nothing in the findings to show that she took with notice of his claim. We are satisfied that the contention of the appellant is the correct one, and that the judgment rendered in the quiet-title action is a bar to the present action.''

Appellants also cite the case of *Holman* v. *Toten*, 54 Cal. App.2d 309 [128 P.2d 808], in which plaintiff failed to record a *lis pendens*. The court said at page 317:

''The provision of section 1214 of the Civil Code making a conveyance of real property void 'as against any judgment affecting the title, unless such conveyance shall have been duly recorded prior to the record of notice of action' is not operative here. It is limited by its terms to cases where a notice of action is recorded (see *Moore* v. *Schneider* (1925), 196 Cal. 380, 392 [238 P. 81]; *Taylor* v. *Chapman* (1936), 17 Cal.App.2d 31 [61 P.2d 476]) and the record here does not show the recording of such a notice by defendant. Hence the case remains subject to the rule that 'An unrecorded deed takes precedence over a subsequent judgment against the grantor.' (*Davis* v. *Perry* (1932), 120 Cal.App. 670, 676 [8 P.2d 514].)''

Appellants place their principal reliance upon the recent case of *Evarts* v. *Jones*, 127 Cal.App.2d 623 [274 P.2d 185], which was decided since the instant case was tried, and in which a hearing was denied. In that case respondent Jones had contracted to sell certain real property to E. F. Evarts. On September 15, 1950, Jones brought a quiet title action against E. F. Evarts and recorded *lis pendens*. Judgment was entered for Jones February 20, 1952. Appellant E. K. Evarts had taken a deed to this real property from E. F. Evarts on January 1, 1950; it was acknowledged April 14, 1952; and it was recorded April 15, 1952. E. K. Evarts then brought this action to quiet title. The trial court held that the judgment in the earlier action of *Jones* v. *E. F.*

*Evarts* was res judicata as to the title of Evarts and gave judgment in favor of Jones. Upon appeal the court said at page 625:

". . . Although section 1214 is not mentioned in the briefs it furnishes an answer to the question.

"Prior to 1894, judgments were not mentioned in the section. In that year the portion in italics was added. Before the amendment one who obtained a judgment quieting his title in an action instituted subsequent to the acquisition of an earlier hostile conveyance was not protected as a bona fide purchaser or encumbrancer. Unless his judgment ran against the holder of the earlier conveyance, it would not have been binding upon the latter. The purpose of the amendment, of course, was to afford a means for strengthening titles to real property. The effect was to encourage the recordation of instruments affecting title and thereby give greater protection to those who in all matters concerning title might rely upon the public records. The amended section is comprehensive. It relates to all conveyances whether made before or after the recording of a notice of the action. If it had not been the intention to make it applicable to prior conveyances, there would have been little if any necessity for the amendment."

An interesting case in which the effect of said section 1214 was considered is the case of *Taylor* v. *Chapman,* 17 Cal.App. 2d 31 [61 P.2d 476]. In that case Miss Taylor had purchased two lots for the price of $3,800, receiving her deeds in 1929 and 1930. These deeds were not recorded until April 30, 1934. The lots were unimproved and there were no buildings upon them. She inadvertently failed to pay two lighting assessments amounting to the sum of $6.24. The defendant claimed to have purchased these two lots at a tax sale for the delinquent assessments and to have received deeds from the city. On February 8, 1934, the defendant filed an action to quiet title against the grantor of Miss Taylor, and recorded a notice of *lis pendens.* At this time the defendant was unaware of the unrecorded conveyance; he did not join Miss Taylor as a defendant, nor did she intervene in his action. Shortly thereafter, the defendant became aware of Miss Taylor's title and communicated with her. On May 12, 1934, Miss Taylor commenced action to quiet her title against the defendant. On May 24, 1934, the defendant obtained a consent judgment in his action against Miss Taylor's grantor. He defended in the action brought by Miss Taylor solely on

the grounds of his judgment in the prior action and did not introduce his tax deeds into the record. He claimed that Miss Taylor's deeds were void under section 1214, as against his judgment "affecting title," since they were not recorded "prior to the record of notice of action"; or, in other words, that the plaintiff's unrecorded deeds became *ipso facto* void when the notice of *lis pendens* was recorded in an action which subsequently resulted in a judgment quieting title. In affirming a judgment in favor of Miss Taylor the court refused to give a literal interpretation to section 1214 and stated at page 35:

"The appellants' interpretation of section 1214, if accepted, would lead to strange results which might often constitute a travesty on justice. Suppose, for instance, that the appellants had taken a quitclaim deed from someone who had owned these lots fifty years before, although there had been a dozen intervening owners, and had brought a quiet title action against that grantor who, consenting to judgment, had obviated the necessity of any real proof. By filing a *lis pendens* ahead of the deed of a *bona fide* purchaser a judgment thus obtained would render void the title of the real owner, without any hearing as to his rights and regardless of any lack of equities in the other claim. Again, a man purchasing a property for cash and recording his deed within an hour might find that he had no title because someone was sharp enough to file notice of *lis pendens,* a few moments before, in an action to quiet title against a fictitious owner. The case at bar furnishes another illustration which speaks for itself.

"We are unable to believe that it was the intention of the legislature to make section 1214 applicable to such a situation as that here presented where the grantee in the unrecorded conveyance was not a party to the action referred to in the notice of *lis pendens,* and where the party securing the judgment obtained any rights he has through a tax sale, and not through the affirmative acts of the grantee in the unrecorded conveyance or of any of his predecessors." (A hearing was denied by the Supreme Court.)

We do not believe that the authorities relied upon by appellants compel the construction of said section 1214 that appellants have placed upon it. In *Moore* v. *Schneider, supra,* the court declined to pass upon the question of whether section 1214 would apply where a prior grantee was not made a party to the action, or where it appeared that a

plaintiff had actual knowledge of the unrecorded claim of title at the time of the commencement of the action. And in *Evarts* v. *Jones, supra,* the title of defendant was clearly superior to that of plaintiff and it was unnecessary to rely upon section 1214, and, as stated by the court, said section was not even mentioned in the briefs on appeal. We believe that the case of *Taylor* v. *Chapman, supra,* bears a closer analogy on the facts to the instant case than do *Moore* v. *Schneider* or *Evarts* v. *Jones.*

It was no doubt the primary purpose of section 1214, and of the 1895 amendment thereof relating to judgments affecting the title, to protect those who in good faith acquire an interest in real property in reliance upon the record. ■ But where, as in the instant case, a person has by deed conveyed certain real property to another, and his said grantee has conveyed said property to a bona fide purchaser for value, and the original grantor, with knowledge of the conveyance to said second grantee, commences an action against his grantees and the grantees of his grantees seeking to reform his deed upon the ground that it described more property than was intended to be conveyed, and records a *lis pendens* before the deed to the second grantee is recorded, we do not believe that section 1214 will avail the original grantor to defeat the right of the bona fide purchaser.

■ The portion of section 1214 upon which appellants rely reads:

"Every conveyance of real property . . . is void as against . . . any judgment affecting the title, unless such conveyance shall have been duly recorded prior to the record of notice of action."

This means no more than that such unrecorded conveyance will be subordinate to a judgment affecting, i.e., cutting down or voiding, the title which the grantor in the unrecorded conveyance purported to convey. It has no application to a judgment which creates a new title in the judgment holder which before judgment he did not have; or which merely adjudicates good a title which he got after the unrecorded conveyance.

In the instant case the appellants had no title to the parcel they want reconveyed to them because conveyed away by fraud or mistake. They had a right to compel such reconveyance by suit and judgment. But such title as such reconveyance would give them could not stand against or affect the title which the defendant had conveyed out because they

would take by it only what defendant then had—nothing, unless they are to be classed as being themselves bona fide purchasers, which cannot be so here since before getting any title, before even recording *lis pendens,* they knew of respondents' interest. Under the facts here the only relief they could get by their action was by way of damages against their alleged fraudulent grantees.

We therefore conclude that there is substantial support in the record for the finding that defendants Preciado were bona fide purchasers and that insofar as the judgment quiets the title of said defendants Preciado to said real property it must be affirmed. However, as hereinbefore set forth, the complaint alleged false and fraudulent representations by defendants Gough and Sharp as a result of which appellants Torrez conveyed more property than was orally agreed upon. There was evidence which supported these allegations and when the court determined that defendants Preciado, to whom defendants Gough and Sharp had conveyed the real property deeded to them by appellants, were bona fide purchasers, we believe that the court should have proceeded to determine the issues as to said alleged fraudulent representations. While the complaint did not specifically pray for damages for said alleged fraudulent representations, it did include a prayer for general relief and therefore the court could and should have proceeded to a determination of said remaining issues.

The judgment is affirmed insofar as it quiets the title of defendants Preciado to the property described therein, but insofar as it fails to determine the remaining issues hereinbefore set forth it is reversed with directions to the trial court to proceed in accordance with the views herein expressed.

Van Dyke, P J., and Peek, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied January 5, 1956.