[Civ. No. 59675. Second Dist., Div. Four. Apr. 30, 1981.]

SAMUEL GOLDSTEIN et al., Plaintiffs and Appellants, v. THOMAS L. RAY et al., Defendants and Respondents.

COUNSEL

Mitchell, Silberberg & Knupp, Thomas P. Lambert and Robert N. Block for Plaintiffs and Appellants.

Dubin, Grosberg & Benjamin and Leonard R. Dubin for Defendants and Respondents.

## Opinion

**KINGSLEY, J.**—This appeal arises from judgment in an unlawful detainer action filed by appellants seeking to terminate respondents' five-year lease. The trial court held that respondents were not unlawfully detaining the premises and entered judgment in their favor. Plaintiffs appeal from that judgment. For the reasons set forth below we reverse.

■ The issue on appeal is whether the filing of a lis pendens is constructive notice to a subsequent lessee and therefore binding on him, and, if so, whether the trial court properly applied the doctrine. The case was tried on stipulated facts as set forth.

On June 21, 1976, appellants and Leslie Bereny entered into a written agreement, pursuant to which appellants agreed to purchase and Bereny agreed to sell a commercial building. Mr. Bereny refused to carry out that agreement and as a result on August 31, 1976, appellants recorded a lis pendens giving notice of the commencement of the action. On February 14, 1979, appellants obtained a judgment for specific performance pursuant to a stipulation to the entry of judgment. Appellants obtained a grant deed which was recorded on April 13, 1979.

On September 1, 1978, prior to the judgment in the Bereny action but subsequent to the recordation of the lis pendens, Mr. Bereny entered into a written five-year lease (with an option to purchase the property) with respondents. Respondents spent $20,000 to prepare the premises for their occupation.

In October 1978, prior to respondents' occupation of the premises, appellants learned of the lease and notified respondents of the pendency of the action. Respondents nevertheless took possession.

On April 13, 1979, upon obtaining title to the property, appellants served respondents with a 30-day notice terminating respondents' tenancy in the premises. Upon respondents' failure to vacate, appellants brought this unlawful detainer action. The trial court held respondents had not unlawfully detained the property and entered judgment. Plaintiffs appeal.

Civil Code section 1214 provides the means by which a person may protect his interest in real property while the property is involved in litigation. Appellants filed their notice of action two years before

respondents entered into the lease with Mr. Bereny. The notice of action puts a subsequent purchaser or encumbrancer on constructive notice that the property is involved in litigation. Respondents argue that Civil Code section 1214 is inapplicable to leases. The language of the statute itself states what is includable. Civil Code section 1214 states: "Every conveyance of real property, other than a lease for a term not exceeding one year, is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded, and as against any judgment affecting title, unless such conveyance shall have been duly recorded prior to the record of notice of action." The exception to this rule is a lease which does not exceed one year. The lease involved here was for five years and clearly falls within the ambit of the code section. Code of Civil Procedure section 409 authorizes the filing of the lis pendens and case law interpreting this section also supports appellants' contentions. *Parker* v. *Superior Court* (1970) 9 Cal.App.3d 397 [88 Cal.Rptr. 352] concerned a lis pendens which was filed on a leasehold interest. The court stated, at page 400: "Although not 'real property' or 'real estate' a leasehold is nevertheless an estate in land, an estate in real property [citations omitted]. Thus, it would appear that under the broad language of Code of Civil Procedure section 409, '... an action concerning real property or affecting the title or *the right of possession of real property*' a leasehold being an estate in real property would come within the statute even though a leasehold is, in a contemplation of law, personal property. To hold that a leasehold estate does not affect the right of possession of real property is unreasonable." (Italics in original.) The dispute involved here is as to who is entitled to possession. Based on Code of Civil Procedure section 409 a lis pendens is authorized here and on Civil Code section 1214 respondents entered into a lease subject to appellants' rights.

Respondents also argue that a lease is not a conveyance within the meaning of Civil Code section 1214. Case law does not support this contention. Civil Code section 1215 defines conveyance as follows: "The term 'conveyance,' as used in Sections 1213 and 1214, embraces every instrument in writing by which any estate or interest in real property is created, aliened, mortgaged, or incumbered, or by which the title to any real property may be affected, except wills."

The lis pendens is applicable to leases and to this case under statutory authority. Respondents are therefore held to have had constructive

notice of the pendency of the specific performance action which action can be held to cut off their interest. Civil Code section 1214 provides that this lease is void.

Respondents' reliance on *Torrez* v. *Gough* (1955) 137 Cal.App.2d 62 [289 P.2d 840] is misplaced. Respondents cite *Torrez* for the proposition that an interest is not cut off by the filing of a lis pendens. *Torrez* involved a conveyance in which the person filing the lis pendens had actual knowledge of preexisting rights in the property at the time of the recordation of the lis pendens. Such is not the case here. *Taylor* v. *Chapman* (1936) 17 Cal.App.2d 31 [61 P.2d 476] is equally inapplicable in that the court stated (at p. 35): "We are unable to believe that it was the intention of the legislature to make section 1214 applicable to such a situation as that here presented where the grantee in the unrecorded conveyance was not a party to the action referred to in the notice of lis pendens, and where the party securing the judgment obtained any rights he has through a tax sale, and not through the affirmative acts of the grantee in the unrecorded conveyance or of any of his predecessors." The conveyance in *Taylor* also took place before the lis pendens was filed and was recorded after and the person who recorded the lis pendens did not obtain his rights through the grantee but rather by purchase at a tax sale. In this case there were no leases on the property when appellants filed their lis pendens and all subsequent lessees with leases more than one year take with notice. The California Supreme Court stated in *Moore* v. *Schneider* (1925) 196 Cal. 380, 393 [238 P. 81]: "The California statute has made the rule more stringent in its application than it is in New York, by declaring that a conveyance which is not of record when the *lis pendens* is filed is 'void' as against the judgment affecting the title to the property.... It was enacted by the legislature, we may assume, to stimulate and bring about the prompt recordation of all conveyances of real property. Its purpose is to prevent fraud through the withholding of notice of transactions affecting titles, to the detriment of subsequent purchasers in good faith and for a valuable consideration, and those who may seek to confirm their claims to real property by judgments affecting the title. It constitutes a most salutary rule...." It is clear that a lease, an estate for years, is an interest in real property and that Civil Code section 1214 applies. The purpose of section 1214 would be circumvented if we were to hold that it does not apply to leases. There would be no way for a person to protect his interest in real property which is involved in litigation.

Respondents' next argument is that the judgment in the specific performance action was not a judgment affecting title in that appellants' ownership and respondents' leasehold are not inconsistent and can coexist. An action which transfers title clearly affects title. While the two interests can coexist whether they do in fact coexist is something that appellants must choose. In receiving judgment in the specific performance action appellants are entitled to the rights and privileges of owning the property. Included in those rights and privileges is the choice of whom to rent to and for how long.

The trial court relied on *Evans* v. *Faught* (1965) 231 Cal.App.2d 698 [42 Cal.Rptr. 133] for the position that "a purchaser of premises occupied in part by a third person under an unrecorded lease cannot be said to be an innocent purchaser since possession by such third person may constitute notice to the purchaser...." No lease was recorded at the time the lis pendens was recorded and appellant's title relates back to the date of the filing of the lis pendens. ■ As stated in Miller and Starr: "A judgment recovered which is favorable to the plaintiff relates to and receives its priority from the date the lis pendens is recorded, and is senior and prior to any interests in the property acquired after that date. [Fn. 5 omitted.] The judgment has priority even if the subsequent interest or lien is recorded *after* the lis pendens but *before* the judgment." (Italics in original.) 2 Miller & Starr, California Real Estate (rev. ed. 1977) section 11.122, pages 161-162. ■ Therefore it is irrelevant where respondents were in possession at the time appellants actually acquired title. It would only matter if they were in possession when appellants filed their lis pendens which they were not.

■ Respondents also attempt an estoppel argument based on the fact that appellants executed an assignment of rents and leases to the bank to secure a loan and respondents' lease was listed among the others. ■ For estoppel to apply, certain elements must be established: (1) a representation or concealment of material facts (2) made with knowledge, actual or virtual, that the latter act upon it, and (3) the party must have been induced to act upon it. (7 Witkin, Summary of Cal. Law (8th ed. 1974) § 132, p. 5352.) ■ There is no evidence that respondents were induced to rely on the specific performance action or on appellants' knowledge of their presence and thereby justifiably remain in possession of the premises. The opposite is true because appellants informed them that the property was involved in litigation. There were no misrepresentations and no reliance; therefore respondents' estoppel argument is without merit.

For the foregoing reasons the judgment is reversed.

Files, P. J., and Early, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.