[No. B231591. Second Dist., Div. Three. May 22, 2012.]

DEUTSCHE BANK NATIONAL TRUST COMPANY, Plaintiff and Appellant, v.
MARY McGURK, Defendant and Respondent.

COUNSEL

Knapp, Petersen & Clarke and Steven Ray Garcia for Plaintiff and Appellant.

Kaye Scholer, Daniel Grunfeld, Jonathan Rotter, Amanda Myers; Greines, Martin, Stein & Richland and Alana H. Rotter for Defendant and Respondent.

OPINION

**CROSKEY, J.**—We are here concerned with the effect of a quiet title judgment on the assignee of the interest of an entity whose interest *was not litigated* in the quiet title action. The quiet title plaintiff, Mary McGurk, had named New Century Mortgage Corporation (New Century) in her quiet title action, as New Century held a deed of trust on McGurk's property. McGurk had also recorded a lis pendens shortly after filing her quiet title complaint. During the course of the action, New Century assigned the deed of trust to Deutsche Bank National Trust Company (Deutsche Bank), as indenture trustee for New Century home equity loan trust 2005-4, but the assignment was not recorded, and McGurk was unaware of it. Thereafter, McGurk dismissed New Century from her quiet title action, as New Century was then in bankruptcy, and McGurk chose to pursue New Century in that forum, rather than seek relief from the automatic stay. McGurk thereafter obtained a judgment purporting to quiet title in her in fee simple. Subsequently, Deutsche Bank recorded its assignment, and brought the instant declaratory relief action, seeking a determination of the validity of the assigned deed of trust.

Given these factual circumstances, we hold that, as the interest of New Century was not resolved in the quiet title action, its assignee, Deutsche Bank, is not bound by the quiet title judgment. We reject McGurk's argument that Deutsche Bank is bound by the judgment because it obtained the deed of trust after her lis pendens was recorded. As a matter of law, her judgment simply did not (and could not) address the validity of the New Century deed of trust. We will therefore reverse the trial court's judgment in favor of McGurk, and remand for an actual determination of the validity of the assigned trust deed interest.

## *FACTUAL AND PROCEDURAL BACKGROUND*

The complex factual and procedural background which led to the instant appeal is best understood in chronological order. We will ultimately be concerned with the validity of a deed of trust against a piece of real property

on which Mary McGurk lives. The deed of trust is currently held by Deutsche Bank. As will become clear, Deutsche Bank's interest arises as the assignee of New Century.

In 2005, McGurk, who had lost her job, had fallen behind on her mortgage payments (to a third party not a party to this action), and faced foreclosure. Unfortunately, McGurk fell victim to a fraud ring which preyed on individuals who faced foreclosure while nonetheless possessing substantial equity in their homes. Relying on the faulty advice of these individuals,[1] McGurk was convinced to deed her property to a man named Jonathan Kim, who would then lease the property back to McGurk, with an option to buy it back after one year. On July 13, 2005, Kim, who had better credit than McGurk, obtained a loan on the property from New Century, secured by a deed of trust, in the amount of $369,000. Of that amount, $162,896.25 was used to satisfy McGurk's then existing mortgage. The remaining proceeds of the loan (amounting to McGurk's equity in her home) were to be used as a fund from which McGurk could pay the lease payments to Kim (which were equal to Kim's monthly obligation on the New Century note), while she attempted to improve her financial situation. However, the individuals who organized the transaction took the bulk of the excess loan proceeds for themselves. Thus, although McGurk's original mortgage was paid off, she ended up (1) losing title to her home; (2) losing all of the equity in her home; and (3) being left with monthly lease payments to Kim much higher than her original mortgage payments, with no means of making the payments.[2]

On May 16, 2006, McGurk brought suit against Kim, the individuals and companies who had defrauded her, and New Century.[3] The parties refer to this action as *McGurk I.* Although McGurk alleged numerous causes of

---

[1] There is no real dispute that the true villains of this story are the individuals who defrauded many homeowners, including McGurk. They were indicted in federal court and several of them were subsequently convicted.

[2] There is a suggestion that, at this point in the history, Deutsche Bank became the assignee of the note and deed of trust from New Century. New Century's practice was to bundle its loans and obtain investors for them via a complicated series of transactions by which Deutsche Bank ultimately became the holder of notes and deeds of trust, but New Century remained the master servicer of the notes. Deutsche Bank would ultimately take the position that the Kim note and deed of trust were assigned to it in August 2005, shortly after they were executed. However, the trial court found that the assignment to Deutsche Bank did not occur until 2008. This finding is supported by substantial evidence—specifically, the 2008 assignment itself, and the absence of evidence of one of the links in the purported chain of assignment in 2005. As the trial court's conclusion is supported by substantial evidence, we will accept the trial court's determination that the assignment to Deutsche Bank did not occur until 2008.

[3] McGurk did not identify New Century as one of the so-called "Fraud Defendants," in her complaint, and she did not allege that New Century took part in the fraudulent scheme. She did, however, allege that New Century "acted . . . in a reckless manner in turning a blind eye to the fraud preceding [its] encumbrance of" her property.

action, key for our purposes is her quiet title action against all defendants, including New Century, who claimed any interest in her home as of July 12, 2005.[4] McGurk recorded a lis pendens on the property on May 23, 2006.

On June 27, 2006, New Century filed a cross-complaint against McGurk, alleging that it was a bona fide encumbrancer for value, and its deed of trust was valid. In the alternative, New Century argued that it was entitled to an equitable lien in the amount of the portion of its loan which was used to pay off McGurk's initial mortgage.

On April 2, 2007, New Century filed a voluntary petition for bankruptcy under Chapter 11. On April 11, 2007, New Century filed a notice of automatic stay in *McGurk I*. On February 13, 2008, New Century dismissed its cross-complaint against McGurk without prejudice.

On March 4, 2008, New Century assigned the note and deed of trust to Deutsche Bank.[5] However, neither New Century nor Deutsche Bank informed McGurk of the change in ownership of the deed of trust.[6] Nor did Deutsche Bank immediately record the assignment of the deed of trust in its favor.

---

[4] The choice of date is curious, and appears to be mistaken. McGurk sought "to Quiet Title against all Defendants who claim any interest in the [property] as of July 12, 2005," but New Century and Kim did not claim any interest in the property as of that date, as their interests arose on the following day. It appears that when McGurk sought to quiet title "as of July 12, 2005," she meant that she wanted title restored to the state of record title on that date. Similarly, McGurk's prayer for relief sought to quiet title in her as of May 2, 2005, and further sought a judgment "that as of May 2, 2005, and from that day forward, [McGurk] was and is the owner in fee simple absolute of the interest in the [property]." As there is no dispute that McGurk owned the property (although subject to her original mortgage) as of May 2, 2005, the significant portion of this prayer for relief is her request for a judgment that she was and is the owner of the property "from that day forward." McGurk's prayer for relief appears to misunderstand the nature of the date of a quiet title judgment. A quiet title judgment does not provide that a party "was and is the owner" of a property "from [a specific] date forward." Instead, it adjudicates the state of title as of the date the quiet title complaint was filed, or a specified prior date. (Code Civ. Proc., § 761.020, subd. (d) [allowing a quiet title plaintiff to select a date other than the date of the complaint as the date "as of which the [quiet title] determination is sought"; Cal. Law Revision Com. com., Deering's Ann. Code Civ. Proc. (1996 ed.) foll. § 761.020, p. 66 [subd. (d) "is intended to permit a title determination as of a date prior to the date of the action"].) In other words, a quiet title action resolves the state of title, as of the date of the complaint (or an earlier date). We therefore assume that McGurk sought to quiet title as of the date of her complaint. As to acts potentially affecting title subsequent to the date as of which title is quieted, they are affected by the judgment by means of the lis pendens, as we will later discuss.

[5] There is no suggestion in the record that this transfer was in any way improper due to New Century's then pending bankruptcy.

[6] Deutsche Bank argues that New Century was authorized to continue to represent Deutsche Bank's interest in New Century's capacity as servicer of the loan. McGurk argues the doctrine of ostensible ownership estops an owner of property "who clothes another with apparent title from later asserting his title against an innocent third party who has been induced to deal with an apparent owner." (*Domarad v. Fisher & Burke, Inc.* (1969) 270 Cal.App.2d 543, 552 [76

McGurk continued proceeding against the *McGurk I* defendants who had defrauded her. By mid-May 2008, McGurk had obtained defaults against these defendants. She had also obtained a stipulation from Kim, in which he agreed that judgment could be entered against him in the amount of $45,000, and the grant deed in his favor would be declared void *ab initio*. New Century was the only remaining defendant, and McGurk was prohibited from pursuing New Century because of the automatic stay. McGurk had no knowledge, at this time, that New Century no longer possessed any interest in the deed of trust.

Because of the automatic stay, and for no other reason, McGurk voluntarily dismissed New Century without prejudice, intending to pursue New Century in bankruptcy court.[7] McGurk did not, instead, seek relief from the automatic stay. The dismissal was entered on May 9, 2008.

On May 12, 2008, McGurk filed a notice of case status indicating that she had obtained the defaults of five defendants, obtained stipulations for judgment from two more, and requested dismissal of the final two (including New Century). McGurk stated, "what remains is for the court to enter judgment on the defaults that have been entered, and to quiet title in" McGurk.

On May 15, 2008, the court entered judgment in favor of McGurk on the stipulation she had entered into with Kim; this had the effect of cancelling McGurk's grant deed in favor of Kim as void *ab initio*. On May 19, 2008, the court entered default judgment against the individuals and companies which had defrauded McGurk, in the amount of $705,000, plus interest, costs, and attorney fees. On May 19, 2008, the court entered judgment, following a hearing, quieting title in McGurk's favor. The judgment simply stated, "Title

---

Cal.Rptr. 529].) We fail to see how this doctrine aids McGurk. It appears that both parties take the position that, although Deutsche Bank then possessed title to the deed of trust and New Century did not, McGurk could continue to deal with New Century and Deutsche Bank would be bound by the results (at least until Deutsche Bank informed McGurk of the assignment).

[7] The trial court in the instant action would ultimately state, in its statement of decision, that McGurk "explains in [a written opposition brief] that [New Century] was dismissed in the quiet title action because it no longer had an interest in the subject property, but [McGurk] did not know that the interest had been assigned to [Deutsche Bank]." To the extent the trial court used the word "because," the statement is unsupported by the record. Preliminarily, there was no evidence at trial as to the reason for McGurk's dismissal of New Century; the trial court's statement that McGurk's explanation was in a written brief impliedly concedes the point. In any event, McGurk's written opposition did not make such an assertion. McGurk's opposition stated only that she dismissed New Century "after it no longer had an interest," not "because" it no longer did. Moreover, McGurk states, in her respondent's brief in the instant appeal, "Faced with an automatic bankruptcy stay, in May 2008 McGurk dismissed New Century . . . from her state court action in favor of filing a claim in its bankruptcy proceeding." She explains that although New Century no longer had an interest in the deed of trust at this time, she "did not know that."

is quieted in Mary McGurk, the sole owner of title in fee simple of [the property]." McGurk recorded the judgment on May 22, 2008.

On August 1, 2008, a liquidating trust was created in New Century's bankruptcy, and all of New Century's assets were distributed to the liquidating trust. On August 19, 2008, Deutsche Bank recorded the March 4, 2008 assignment of the deed of trust in its favor.

In April 2009, McGurk reached a settlement with the liquidating trust in New Century's bankruptcy. Pursuant to the agreement, it was stipulated that McGurk's claim was to be allowed as a $10,000 unsecured claim, and disallowed in every other respect. It was also agreed that neither New Century nor the liquidating trust had any title or interest in the loan or the deed of trust.[8] The agreement, however, went on to state, "This Stipulation, however, does not void, affect, impair or otherwise limit any right, title or interest of any investor, successor-in-interest or purchaser of the Loan from Debtors, or any claim, defense, or remedy by Claimant against any such entity." As noted above, by the time of this agreement, the assignment in favor of Deutsche Bank had been recorded.

On August 14, 2009, Deutsche Bank brought the instant declaratory relief action against McGurk. Deutsche Bank sought a declaration that its deed of trust was valid; or, in the alternative, a declaration that it had a valid equitable claim to the extent the loan proceeds had paid off McGurk's original mortgage.

This case was deemed related to *McGurk I*. McGurk demurred, on the basis that this action was barred by *McGurk I*. McGurk's theory was that, as Deutsche Bank did not obtain its assignment of the deed of trust until after she had filed her quiet title action, and recorded her lis pendens, Deutsche Bank took the assignment subject to the resolution of *McGurk I*. As the judgment in *McGurk I* quieted title in McGurk alone, McGurk argued that Deutsche Bank's interest was defeated. The demurrer was overruled, as was McGurk's subsequent motion for judgment on the pleadings on the same basis.

The case proceeded to a bench trial on October 25, 2010. Numerous documents were admitted into evidence, and Deutsche Bank introduced the testimony of several witnesses. At the close of Deutsche Bank's case, McGurk moved for judgment in her favor under Code of Civil Procedure section 631.8. The trial court heard argument on the motion, and ultimately took the matter under submission. The court then directed McGurk to proceed with her case. McGurk chose not to present any live testimony, but submitted

---

[8] It was also agreed that New Century and the liquidating trust did not service the loan.

deposition excerpts from a single witness. Deutsche Bank's counsel indicated that Deutsche Bank might wish to counterdesignate excerpts from the same deposition; the court indicated that Deutsche Bank could do so in its written closing brief. The court set a briefing schedule for written closing briefs. McGurk then requested a statement of decision, and identified the issues on which she sought a statement of decision. The trial court indicated that this request should be repeated in McGurk's written brief. In response to Deutsche's Bank's joinder in McGurk's request for a statement of decision, the court indicated that Deutsche Bank should identify the issues on which it sought a statement of decision in its written briefing, as well.

A few days later, *prior to the receipt of any briefing*, the trial granted McGurk's motion for judgment under Code of Civil Procedure section 631.8, which it had taken under submission. The court explained its rationale as follows: "Based on stipulated facts, the Court finds the assignment to [Deutsche Bank] of its alleged interest in the property was not recorded prior to the notice of pending action recorded in [*McGurk I*]."[9] The court vacated all briefing dates. Judgment was entered in favor of McGurk on January 3, 2011.

Deutsche Bank then moved to set aside the judgment, arguing that, as New Century had been voluntarily dismissed from *McGurk I*, the judgment quieting title in that action did not impact New Century's interest, which was ultimately conveyed to Deutsche Bank. After the motion was fully briefed and the matter was heard, the trial court denied Deutsche Bank's motion. The court's written statement of decision regarding the denial of the motion to set aside was somewhat more detailed than its initial statement of decision, and specifically included certain findings of fact.[10] The court concluded that the dismissal of New Century from *McGurk I* took place *after* New Century had assigned its interest to Deutsche Bank, so the dismissal affected only New Century. As to Deutsche Bank, the court concluded that McGurk's timely recordation of a lis pendens bound to the subsequent quiet title judgment anyone who acquired an interest in the property subsequent to its recordation. As Deutsche Bank obtained its interest long after McGurk's lis pendens was recorded, Deutsche Bank was bound by the quiet title judgment.

Deutsche Bank filed a timely notice of appeal.

---

[9] The court's subsequent statement of decision also found it significant that Deutsche Bank did not appear in the quiet title action after it had been assigned the deed of trust.

[10] For example, the statement of decision concluded that the assignment to Deutsche Bank took place in 2008, not 2005, as Deutsche Bank had argued. (See fn. 2, *ante*.)

## ISSUES ON APPEAL

The main issue on this appeal is whether the judgment quieting title in McGurk defeated Deutsche Bank's deed of trust. As we explain, we conclude that it did not. This raises a second issue: the appropriate disposition of the case on appeal.

## DISCUSSION

### 1. Standard of Review

Code of Civil Procedure section 631.8, subdivision (a), provides, in pertinent part: "After a party has completed his presentation of evidence in a trial by the court, the other party, without waiving his right to offer evidence in support of his defense or in rebuttal in the event the motion is not granted, may move for a judgment. The court as trier of the facts shall weigh the evidence and may render a judgment in favor of the moving party . . . ." " ' ". . . In weighing the evidence, the trial judge may exercise the prerogatives of a fact trier by refusing to believe witnesses . . . . If the motion is granted, his [or her] findings are entitled to the same respect on appeal as any other findings and are not reversible if supported by substantial evidence." ' " (*Ford v. Miller Meat Co.* (1994) 28 Cal.App.4th 1196, 1200 [33 Cal.Rptr.2d 899], citations omitted.) The main issue in this case, however, is one of law.

### 2. Statutory Framework

■ Actions to quiet title proceed under chapter 4 of title 10 of part 2 of the Code of Civil Procedure. Code of Civil Procedure section 760.020, subdivision (a) permits a party to bring an action "to establish title against adverse claims" to real property. The plaintiff is to file a verified complaint, which includes, among other things, "[t]he adverse claims to the title of the plaintiff against which a determination is sought." (Code Civ. Proc., § 761.020, subd. (c).) The plaintiff "shall" name as defendants "the persons having adverse claims that are of record or known to the plaintiff or reasonably apparent from an inspection of the property." (Code Civ. Proc., § 762.060, subd. (b).) ■ When a plaintiff files an action to quiet title, the plaintiff is required to "[i]mmediately" record a lis pendens.[11] (Code Civ. Proc., § 761.010, subd. (b).)

---

[11] The statute speaks in terms of "fil[ing]" a lis pendens with the recorder, rather than "recording" a lis pendens. (Code Civ. Proc., § 761.010.) Thus, when the statutes refer to the date of "filing" a lis pendens, they are clearly referring to the date of recordation with the recorder's office, not filing in court. In our discussion, we use the terms "filing" and "recording" interchangeably, when speaking of a lis pendens.

■ Any person who has a claim to the property may appear as a defendant, whether or not they are named in the complaint. (Code Civ. Proc., § 762.050.) The court is then required to "examine into and determine the plaintiff's title against the claims of all the defendants." (Code Civ. Proc., § 764.010.)

Two statutes set forth the breadth of a quiet title judgment. The first, Code of Civil Procedure section 764.030, provides as follows: "The judgment in the [quiet title] action is binding and conclusive on all of the following persons, regardless of any legal disability: [¶] (a) All persons known and unknown who were parties to the action and who have any claim to the property, whether present or future, vested or contingent, legal or equitable, several or undivided. [¶] (b) Except as provided in Section 764.045, all persons who were not parties to the action and who have any claim to the property which was not of record at the time the lis pendens was filed or, if none was filed, at the time the judgment was recorded."

The second, Code of Civil Procedure section 764.045, provides in pertinent part as follows: "Except to the extent provided in Section 1908,[12] the judgment does not affect a claim in the property . . . of any person who was not a party to the action if any of the following conditions is satisfied: [¶] (a) The claim was of record at the time the lis pendens was filed or, if none was filed, at the time the judgment was recorded. [¶] (b) The claim was actually known to the plaintiff or would have been reasonably apparent from an inspection of the property at the time the lis pendens was filed or, if none was filed, at the time the judgment was entered."

### 3. *The Effect of the Quiet Title Judgment in McGurk I.*

McGurk was aware of New Century's interest in the property, and, at the time she filed her quiet title action, she properly named New Century as a defendant. However, she subsequently voluntarily dismissed New Century as a defendant. Although New Century did not, as a factual matter, still possess any interest in the property at the time it was dismissed, McGurk did not know that. She dismissed New Century *believing* that New Century still possessed an interest in the property, and intending to resolve the issue in New Century's bankruptcy proceedings.

---

[12] Code of Civil Procedure section 1908 sets forth the general rules as to when a judgment is binding on a nonparty. As relevant to our purposes, it provides that a judgment, in respect to the matter directly adjudged, is "conclusive between the parties and their successors in interest by title subsequent to the commencement of the action or special proceeding, litigating for the same thing under the same title and in the same capacity, provided they have notice, actual or constructive, of the pendency of the action or proceeding." (Code Civ. Proc., § 1908, subd. (a)(2).)

■ Had McGurk's belief been correct—that is to say, had New Century not assigned its interest in the deed of trust to Deutsche Bank prior to its dismissal—the effect of the ultimate judgment quieting title in McGurk *on New Century* would be easy to determine. "A plaintiff's voluntary dismissal of his action has the effect of an absolute withdrawal of his claim and leaves the defendant as though he had never been a party. [Citations.] When an action is wilfully dismissed by the plaintiff against one or more of several defendants the effect is the same as if the action had been originally brought against the remaining defendants." (*Cook v. Stewart McKee & Co.* (1945) 68 Cal.App.2d 758, 761 [157 P.2d 868].) "After such dismissal the defendant is a stranger to the action." (*Ibid.*) The quiet title statutes are clear that a quiet title judgment does not bind *a nonparty* whose interest was of record prior to the filing of the lis pendens (Code Civ. Proc., § 764.045, subd. (a)), nor does it bind a nonparty whose interest was actually known to the plaintiff at the time of the lis pendens (Code Civ. Proc., § 764.045, subd. (b)). As the result of its voluntary dismissal, New Century became a nonparty to the quiet title action. New Century's interest was both of record and known to McGurk prior to filing her lis pendens. Thus, under both subdivisions of Code of Civil Procedure section 764.045, the quiet title judgment could not have bound it.

Indeed, when the trial court entered the quiet title judgment in *McGurk I*, it was *believed* by both McGurk and the trial court that New Century still possessed its deed of trust, and that the court was not resolving the validity of that deed of trust in the quiet title matter; McGurk instead planned to resolve the issue in New Century's bankruptcy. In this respect, this understanding of McGurk and the trial court was consistent with the law: the *McGurk I* quiet title judgment might have been effective against everyone else in the world, but it was not effective against New Century (at least to the extent of its deed of trust). The trial court would not have been remiss had it indicated in its original quiet title judgment that title was quieted in McGurk *except as against New Century's deed of trust.* It therefore follows that if the assignment from New Century to Deutsche Bank had occurred *after* New Century's dismissal, rather than before it, the quiet title judgment would have no effect on Deutsche Bank. McGurk argues, however, that since the assignment occurred *prior* to New Century's dismissal, even though she was unaware of it, the result must be different.

We return to the statutes. Deutsche Bank was *not* a party to the quiet title action and its interest was not recorded prior to the lis pendens (indeed, its interest was recorded subsequent to the quiet title judgment). Code of Civil Procedure section 764.030, subdivision (b) provides that the judgment is conclusive against "all persons who were not parties to the action and who have any claim to the property which was not of record at the time the lis pendens was filed or, if none was filed, at the time the judgment was recorded." This would appear to describe Deutsche Bank. Deutsche Bank

argues that it does not, as Deutsche Bank's "claim to the property" was New Century's claim, which was, in fact, of record at the time the lis pendens was recorded. In other words, Deutsche Bank argues that the relevant fact for the purposes of Code of Civil Procedure section 764.030 is whether the claim itself was of record, not whether the particular party currently asserting the claim was of record.

Deutsche Bank's argument is not without merit. Code of Civil Procedure section 760.010, subdivision (a) defines "claim" for the purposes of the quiet title statutes as including "a legal or equitable right, title, estate, lien or interest in property or cloud upon title." There is no indication as to whether a "claim" remains the same "claim" when its ownership is transferred. Certainly, a reasonable argument can be made that it does. When a plaintiff in a quiet title action seeks to quiet title against a specifically identified adverse claim to its property, it should make no difference to the plaintiff whether that claim is held by the defendant it initially named, or a subsequent transferee.[13] Nonetheless, we find it unnecessary to construe "claim" in this manner, as the quiet title statutes already provide for this situation, through the means of a lis pendens, and the date of a quiet title determination.

As noted above (see fn. 4, *ante*), a quiet title plaintiff must identify the "date as of which the determination" of title is sought. (Code Civ. Proc., § 761.020, subd. (d).) The date is to be the date of filing the complaint or, if the plaintiff so chooses, an earlier date. (Cal. Law Revision Com. com., Deering's Ann. Code Civ. Proc. (1996 ed.) foll. § 761.020, p. 66.) Thus, in a quiet title action, the trial court's judgment adjudicates title as of a date *prior to* the judgment; the court's determination establishes title as of the date of the complaint (or some earlier date). This is as it should be; the trial court takes evidence of the state of title at a particular point in the past. The court does not, and cannot, take evidence of every act which may affect the title up until the moment of judgment. Thus, a quiet title plaintiff may encumber the property while the action is pending; if the plaintiff succeeds in quieting title as of the date of the complaint, the encumbrance is valid. Similarly, a tax or assessment lien may be placed on the property during the quiet title action. The trial court is in no position to adjudicate the validity of such liens; the court will simply adjudicate title as of the date of the complaint.

Encumbrances, liens, transfers, and other acts affecting title to the property pending the quiet title action are affected by means of the lis pendens. "The purpose of a *lis pendens* is merely to furnish a means of notifying all persons of the pendency of an action and thereby to bind any

---

[13] The ownership of the claim made a difference to McGurk *in this action* only because New Century was in bankruptcy, so the automatic stay precluded her from pursuing her case against it.

person who may acquire an interest in property, subsequent to the institution of the action, by any judgment which may be secured in the action affecting the property." (*Lee v. Silva* (1925) 197 Cal. 364, 373 [240 P. 1015].) Thus, any person who obtains an interest in the property subsequent to the filing of the lis pendens takes that interest with constructive knowledge of the quiet title action, and will be bound by the judgment in the quiet title action. (Code Civ. Proc., § 764.030, subd. (b).) The lis pendens gives persons who may obtain an interest in the property notice that the state of title as of the date of the complaint (or an earlier date set forth in the complaint) is at issue, and will be adjudicated. Should such a person nonetheless obtain an interest, with such constructive knowledge, that person's interest will be taken subject to the quiet title judgment. To take an example, if a third party obtains a partial assignment from a quiet title defendant while the action is pending, and the quiet title plaintiff ultimately wins, securing an adjudication of title dating back to the filing of the complaint, the third party's assignment would be invalid, as the quiet title defendant had no interest to assign as of the date of the complaint. If, however, the quiet title defendant prevailed in the quiet title action, the third party's assignment would be valid, as the quiet title defendant's interest, as of the date of the complaint, was unaffected.

The latter situation is, in effect, what occurred in the instant case. Deutsche Bank took the assignment while McGurk's quiet title action was pending; Deutsche Bank therefore took the assignment subject to the possibility that it would be determined, in *McGurk I*, that New Century did not, in fact, have an interest to assign, as of the date of the complaint (or an earlier date). Had the trial court invalidated New Century's interest in *McGurk I*, Deutsche Bank's assignment would have been rendered worthless. However, the trial court *did not invalidate New Century's interest*. McGurk dismissed New Century from the action, and the *McGurk I* judgment did not adjudicate New Century's interest. Thus, although Deutsche Bank took the assignment subject to the risk that its assignor's interest would be proven to have been invalid, that risk never came to fruition. Put another way, Deutsche Bank took subject to the quiet title judgment, and the quiet title judgment impliedly exempted New Century from its terms.[14]

---

[14] It is for this reason that Deutsche Bank had no obligation to notify McGurk that it had been assigned New Century's interest. The issue in the quiet title action was not the state of title *at the time of judgment*, but the state of title *at the time of the complaint* (or an earlier date). Thus, the validity of the transfer to Deutsche Bank was not, and could not have been, at issue in the quiet title action. Instead, Deutsche Bank simply would have been bound by the judgment, to the extent it determined New Century's interest as of a date prior to the assignment to Deutsche Bank. Indeed, Deutsche Bank concedes that, had McGurk litigated her action to judgment against New Century, it would have been bound by any such judgment, as it obtained its interest subsequent to the recordation of the lis pendens. It is only the unique circumstances of this case—that New Century was in bankruptcy at the time of the assignment, and McGurk chose to pursue New Century in bankruptcy rather than seek relief from the

### 4. *Case Authority is in Accord*

The great bulk of the authority on which both parties rely predates the current statutory scheme. Prior to the enactment of the current quiet title statutes, a quiet title action was not an action in rem, and a quiet title plaintiff could only quiet title against specific interests. In contrast, the current quiet title statutes, enacted in 1980, were designed to create a purely in rem quiet title action, which would enable a quiet title plaintiff to obtain clear title against the world. (*Harbour Vista, LLC v. HSBC Mortgage Services Inc.* (2011) 201 Cal.App.4th 1496, 1505–1506 [134 Cal.Rptr.3d 424].)[15] Indeed, the quiet title statutes permit a quiet title plaintiff to name as defendants " 'all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to plaintiff's title, or any cloud upon plaintiff's title thereto.' "[16] (Code Civ. Proc., § 762.060, subd. (a).) The instant action, however, is not concerned with the effect of a quiet title judgment on a wholly unknown entity claiming an interest in the property; we are instead concerned with the effect of a quiet title judgment on the assignee of a known entity claiming an interest, who was first named, and then dismissed, from the quiet title action. Thus, the fact that the quiet title laws now provide for an in rem action is irrelevant to the instant dispute.

Indeed, while the current quiet title statutory scheme was enacted in 1980, California law has been consistent, for many years, on the effect of a quiet title judgment on the successor in interest of a known entity who was nonetheless unnamed in the quiet title action.[17] That determination was made by the California Supreme Court in *Lee v. Silva, supra,* 197 Cal. 364.

---

automatic stay—which resulted in McGurk not litigating the quiet title action to judgment against New Century. Whether New Century committed any discovery violations or breached any duty by not informing the trial court that it had assigned its interest to Deutsche Bank is not at issue in this case.

[15] By supplemental briefing, McGurk calls our attention to this opinion, for the suggestion therein that "once a quiet title judgment on any grounds becomes final, it is good against all the world as of the time of the judgment." (*Harbour Vista, LLC v. HSBC Mortgage Services Inc., supra,* 201 Cal.App.4th at p. 1506.) However, the *Harbour Vista* court was simply describing, in broad terms, the purpose of an in rem quiet title judgment. The court did not interpret, or even cite to, the specific quiet title statutes regarding the scope and effect of a quiet title judgment. The quote from that case is therefore of little help to McGurk.

[16] McGurk did not use this language in her complaint.

[17] Prior to 1895, the conclusive effect of a quiet title judgment on the successor in interest to a party to the action was determined by Code of Civil Procedure section 1908, which provided then, as it does now, that a judgment is conclusive between the parties and their successors in interest by title subsequent to the commencement of the action, litigating for the same title and in the same capacity, provided they have actual or constructive notice. (*Evarts v. Jones* (1954) 127 Cal.App.2d 623, 625 [274 P.2d 185].) In 1895, Civil Code section 1214 was amended to provide, as it does now, that "[e]very conveyance of real property . . . is void as against any . . . judgment affecting the title, unless the conveyance shall have been duly recorded prior

The case involved the following chronological scenario: (1) C, the owner of some land, entered into a conditional sales contract to sell the land to the L's. The contract was recorded. (*Lee v. Silva, supra,* 197 Cal. at pp. 366–367.) (2) Thereafter, the land was assessed for street improvements. (*Id.* at p. 367.) (3) C then died, and an executor was appointed. (*Ibid.*) (4) Some time later, O brought an action against C's executor to foreclose on the street assessment lien, but failed to name the L's, even though their conditional sales contract was of record. O recorded a lis pendens. (*Ibid.*) (5) Thereafter, one of the L's assigned its interest to the other. Then, the conditional sales contract was paid off, and C's executor conveyed the land to the remaining L on July 1, 1916, pursuant to the conditional contract of sale. The deed was recorded. (*Ibid.*) (6) Several months later, L conveyed the property to the plaintiff. After the conveyance, but before it was recorded, O obtained a foreclosure judgment against C's executor. (*Ibid.*) The plaintiff brought suit to quiet title against O, and those who claimed under O. The plaintiff won and the California Supreme Court affirmed.

While the factual scenario of *Lee v. Silva* is somewhat complex, the case turned on the fact that when O brought its foreclosure action, it did not sue the L's, even though the claim of the L's (through their conditional sales contract) was of record. As the L's were therefore not bound by O's foreclosure judgment, the plaintiff, their ultimate assignee, was likewise not bound by it. (*Lee v. Silva, supra,* 197 Cal. at p. 375.) The fact that the plaintiff *herself* did not obtain her interest (and, indeed, the plaintiff's predecessor didn't obtain actual *title*) until after the lis pendens had been recorded in the foreclosure action did not matter. (*Id.* at pp. 372–373.) The conditional sales contract was recorded prior to the foreclosure lis pendens, so the chain of title arising from the conditional sales contract was not affected by the foreclosure action which did not name as defendants the owner of the interest represented by that contract.

---

to the record of notice of action." In other words, Code of Civil Procedure section 1908 bound a party's postcomplaint successor in interest to the quiet title judgment, if the successor in interest had constructive notice of the action (by the recordation of the lis pendens). The amendment to Civil Code section 1214 extended this conclusiveness to those who obtained their title *prior to* the commencement of the action, but did not record before the plaintiff recorded a lis pendens. (*Evarts v. Jones, supra,* 127 Cal.App.2d at p. 625.) Our concern, however, is the effect of the judgment on a successor in interest by title subsequent to the commencement of the action (and the recordation of the lis pendens). In that regard, Code of Civil Procedure section 1908, Civil Code section 1214, and Code of Civil Procedure section 764.030, subdivision (b) are all in accord: the successor in interest is bound by the judgment. We simply consider the applicability of this rule to the situation where the predecessor in interest was itself *not bound* by the judgment—either because its interest was known to the plaintiff but it was not named, or it was originally named and, as in this case, eventually dismissed.

■ *Lee v. Silva* confirms our result in this case. Just as O did not name the L's, even though their interest was of record, McGurk voluntarily dismissed New Century, even though its interest was of record. As a result, just as the ultimate assignee of the L's was not bound by the foreclosure judgment (even though she did not obtain title until after the foreclosure lis pendens), the assignee of New Century was not bound by the quiet title judgment (even though it did not obtain title until after the quiet title lis pendens).[18]

Other case authority on which McGurk relies is distinguishable. While it is well established that a person who obtains an interest in property from a party to a quiet title action after a lis pendens is recorded is bound by the judgment in the quiet title action (e.g., *Torrez v. Gough* (1955) 137 Cal.App.2d 62, 71 [289 P.2d 840]; *Swartfager v. Wells* (1942) 53 Cal.App.2d 522, 528–529 [128 P.2d 128]), McGurk overlooks the fact that her quiet title judgment did not, in fact, invalidate New Century's interest, as she dismissed New Century prior to judgment. (Cf. *Page v. W. W. Chase Co.* (1904) 145 Cal. 578, 583–584 [79 P. 278] [a party who was served as a Doe defendant in a foreclosure action and is then dismissed prior to judgment is not bound by the judgment].) Thus, although Deutsche Bank would have been bound by the judgment in *McGurk I* (due to having obtained its interest after the lis pendens), the judgment did not impact New Century's interest, and therefore could not impact Deutsche Bank's interest either.

### 5. *Remand for Further Proceedings is Necessary*

As the trial court erred in granting McGurk's motion for judgment under Code of Civil Procedure section 631.8, the matter needs to be remanded to permit the trial court to conclude the remainder of the bench trial and rule on Deutsche Bank's declaratory relief complaint. We have concluded that the judgment in *McGurk I* does not bar Deutsche Bank's action; it is now time for resolution of the issue left unresolved in *McGurk I*: was New Century's deed of trust a valid encumbrance on McGurk's property?[19]

---

[18] *Lee v. Silva* also illustrates the flaw in McGurk's argument that the dismissal of New Century is irrelevant because New Century had no interest in the property at the time it was dismissed. Here, the L's no longer held any interest (conditional or otherwise) at the time of the foreclosure judgment, but O was still required to name them in its foreclosure action in order to bind them and their successors to the judgment, because their interest was of record at the time of the complaint.

[19] After the trial, McGurk sought a statement of decision on issues including whether Deutsche Bank was negligent in accepting the assignment from New Century; whether Deutsche Bank paid consideration for the assignment in its favor; and whether Deutsche Bank failed to mitigate its losses. The trial court, on remand, may reach these issues, along with any others remaining for resolution.

The record indicates that Deutsche Bank completed presentation of its case-in-chief, and McGurk completed her defense case (with the submission of deposition excerpts). Deutsche Bank was granted permission to counter-designate deposition excerpts, but was precluded from doing so by the trial court's order granting the Code of Civil Procedure section 631.8 motion. Thus, the bench trial was not completed. Additionally, the trial court's ruling prevented the parties from filing written closing briefs and identifying the issues on which they requested a statement of decision. The matter must therefore be remanded for completion of the bench trial.

## DISPOSITION

The judgment is reversed. The matter is remanded for further proceedings consistent with the views expressed in this opinion. Deutsche Bank shall recover its costs on appeal.

Klein, P. J., and Kitching, J., concurred.